Present:   All the Justices

GIANT OF MARYLAND, INC.

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 981171              April 16, 1999

CHARLOTTE ENGER

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Michael P. McWeeny, Judge

     In this appeal of a judgment in a tort action, we
consider whether the circuit court erred in instructing the
jury on the doctrine of respondeat superior.

     The plaintiff, Charlotte H. Enger, filed her amended
motion for judgment against Geo Asfaw, Giant Food Stores,
Inc., and Giant of Maryland, Inc.  She alleged, among other
things, that she incurred personal injuries when she was
attacked by Asfaw, an employee of Giant of Maryland, Inc.  The
plaintiff nonsuited her claims against Asfaw and Giant Foods,
Inc., and at the conclusion of a trial, the jury returned a
verdict in favor of the plaintiff in the amount of $137,000.
The circuit court entered a judgment confirming the verdict,
and Giant of Maryland appeals.

     Applying established principles of appellate review, we
shall summarize the evidence in the light most favorable to
the plaintiff, who comes to this Court armed with a jury
verdict confirmed by the circuit court.

The plaintiff went to the defendant's store to purchase some groceries. She proceeded to the store's produce section to select some bananas. While the plaintiff was in the store, Kenneth M. Brown, the store's manager, saw a piece of celery that had fallen on the floor in the produce area, and he directed Asfaw, a produce clerk, to pick up the celery. Asfaw refused to do so, walked toward Brown, stood within an inch of Brown's face, and stated: "You don't know who I am. I'm the devil. I'm going to burn you." Brown stepped back, and he "motioned" to Julio Rivera, a store employee, "to come over . . . [t]o witness what [Asfaw] had said . . . ."

Rivera approached Asfaw from behind, touched him on the shoulder, and said, "[h]ey, man." Asfaw pushed Rivera and assaulted him with karate kicks and punches. As Asfaw was attacking Rivera, Asfaw's foot almost hit the plaintiff in her face. She testified: "I walked to the bananas and picked up two bananas and started to turn and put them in the basket. . . . [W]hen all of a sudden a man's foot and leg . . . that's all I saw was this foot and leg come kicking right in front of my face with great force. It was such a shock . . . I could even feel it as it just missed me."

After Asfaw finished attacking Rivera, Asfaw decided to leave the store, and he began to walk toward the door. While leaving, he began to remove a name tag that was affixed to a

red jacket that store employees were required to wear. The plaintiff testified: "And I thought, well, he's going to try to leave. And I said [to Asfaw], where are you going? What is your name? Why are you taking — and he just looked at me. And I said, why are you taking off your name tag? And then he slugged me, just power. Just reached around and I went flying across the floor." Asfaw attacked the plaintiff by delivering a "karate type of blow" to her chest. As a result of the impact from the blow, the plaintiff sustained injuries to her foot and ankle.

At trial, the trial court granted the following jury instruction over the defendant's objection:

> "An act is within the scope of employment if it is incidental to the employer's business and is done to further the employer's interest. If an employee departs so far from his duties that his acts are no longer for his employer's benefit, then his acts are not within the scope of his employment. However, if the tortious act of the employee arose out of an activity which was within the employee's scope of employment or within the ordinary course of business, then that act may be considered to be within the scope of employment."

The defendant argues that the last sentence of this instruction is an incorrect statement of law because it attempts to make the employer liable for any tort committed while "at work," even though the employee's acts may have been committed outside the scope of employment. Responding, the plaintiff argues that the challenged jury instruction is a

correct statement of law and that the trial court did not err by granting it.  We disagree with the plaintiff.

Initially, we observe that pursuant to the doctrine of respondeat superior, an employer is liable for the tortious acts of its employee if that employee was performing the employer's business and acting within the scope of the employment when the tortious acts were committed.  Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 235, 476 S.E.2d 172, 173 (1996); Kensington Assocs. v. West, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987); McNeill v. Spindler, 191 Va. 685, 694-95, 62 S.E.2d 13, 17 (1950).  Even though the doctrine of respondeat superior is firmly established in Virginia, difficulties often arise in the application of the doctrine to particular facts.  Generally, the inferences to be drawn from the established facts are within the province of a jury. Commercial Bus. Sys. v. BellSouth Servs., Inc., 249 Va. 39, 44, 453 S.E.2d 261, 265 (1995); Tri-State Coach Corp. v. Walsh, 188 Va. 299, 308, 49 S.E.2d 363, 366 (1948).

In Davis v. Merrill, 133 Va. 69, 77-78, 112 S.E. 628, 631 (1922), we established the following test to determine whether an employee acted within the scope of his employment:

> "[T]he test of the liability of the master for the tortious act of the servant, is not whether the tortious act itself is a transaction within the ordinary course of the business of the master, or within the scope of the servant's authority, but

4

whether the service itself, in which the tortious act was done, was within the ordinary course of such business or within the scope of such authority."

We have consistently applied this test in our jurisprudence. See Commercial Bus. Sys., 249 Va. at 44, 453 S.E.2d at 265; United Brotherhood v. Humphreys, 203 Va. 781, 786, 127 S.E.2d 98, 102 (1962), cert. denied, 371 U.S. 954 (1963). Accord Tri-State Coach Corp., 188 Va. at 305-06, 49 S.E.2d at 366.

A comparison of our established test with the challenged jury instruction compels us to conclude that the jury instruction is erroneous. Under our aforementioned test, an employer is responsible for an employee's tortious act if that act was within the scope of the duties of the employment and in the execution of the service for which the employee was engaged. Accord Tri-State Coach Corp., 188 Va. at 306, 49 S.E.2d at 367. The challenged jury instruction differs from the test that we have consistently applied because the instruction allows the jury to find the employer liable for any tort committed during the employee's employment, even if the service that the employee was performing when he committed the tortious acts was not within the ordinary course of the employer's business or not within the scope of the employee's authority.

We reject the plaintiff's contention that the defendant's objection to the instruction is merely a matter of "an

5

elevation of style over substance."  Rather, the jury instruction requires that the jury impose a different test than the test this Court has consistently approved.

Accordingly, we will reverse the judgment of the circuit court, and we will remand the case for a new trial.  In view of our disposition of this case, we need not consider the litigants' remaining arguments.

Reversed and remanded.
