PRESENT: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Russell, S.J.

MELISSA DOUD, ADMINISTRATRIX
OF THE ESTATE OF JAMES ELLIS PROFFITT

                                            OPINION BY
v.  Record No. 100285       SENIOR JUSTICE CHARLES S. RUSSELL
                                          September 16, 2011
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Henry A. Vanover, Judge

This appeal presents the question whether the Commonwealth is liable, pursuant to the Virginia Tort Claims Act (VTCA), Code § 8.01-195.1 et seq., for damages incurred by a prisoner resulting from the alleged negligence of a sheriff's deputies.

## Facts and Proceedings

The facts essential to the appeal are undisputed. On January 22, 2001, James Ellis Proffitt was convicted in the Circuit Court of Russell County of a felony sexual offense involving a minor and was sentenced to a term of imprisonment. He was remanded to the custody of the Sheriff of Russell County and was transported to the Russell County jail as a prisoner awaiting transfer to the custody of the Department of Corrections.

The plaintiff alleges that during his incarceration, Proffitt was severely kicked, hit and beaten by fellow inmates, resulting in serious and permanent injuries. The circuit court, shortly thereafter, determined that Proffitt was incapacitated

and appointed Melissa Doud (the plaintiff) his guardian and conservator. In July 2001, the plaintiff sent a notice of claim under the VTCA to the sheriff, the county administrator and the county attorney of Russell County, giving notice of a claim against the sheriff's department for Proffitt's injuries allegedly caused by the negligence of the sheriff's department. In January 2002, the plaintiff gave notice of a claim against the Commonwealth based on the same cause of action and arising out of the actions of agents, officers and employees of Russell County "acting in the course of their employment and on behalf of the Sheriff."

In 2003, the plaintiff brought the present action in the Circuit Court of Russell County against the county, the sheriff, a named deputy, unknown deputies and jailors, and the Commonwealth. The plaintiff alleged that the sheriff's employees had placed Proffitt in the general jail population where it was foreseeable that he would be attacked by fellow inmates because of the nature of his crime unless given protection, which the jailors had negligently failed to provide. Ultimately, the plaintiff nonsuited the claims against all defendants except the Commonwealth. The plaintiff's theory of recovery against the Commonwealth was based entirely on respondeat superior, in that the sheriff and his deputies and jailors "acted under the authority of and on behalf of . . . the

Commonwealth of Virginia."  Proffitt died in 2005 and the plaintiff qualified as his administratrix and was substituted in that capacity as party plaintiff.

The Commonwealth filed a plea of sovereign immunity, contending that the actions complained of were not within the purview of the VTCA.  In 2009, the court sustained the plea and entered an order dismissing the action on the basis of sovereign immunity.  We awarded the plaintiff an appeal.

## Analysis

This appeal presents pure questions of law, to which we apply a de novo standard of review.  Syed v. ZH Technologies, Inc., 280 Va. 58, 69, 694 S.E.2d 625, 631 (2010).

At common law, the Commonwealth was immune from liability for torts committed by its officers, employees and agents.  VEPCO v. Hampton Red. Auth., 217 Va. 30, 32-33, 225 S.E.2d 364, 367 (1976).  For the salutary reasons described in Messina v. Burden, 228 Va. 301, 307, 321 S.E.2d 657, 660 (1984), that immunity continues to apply in the absence of a legislative waiver by which the Commonwealth consents to be sued in its own courts.  Gray v. Virginia Sec'y of Transp., 276 Va. 93, 101, 662 S.E.2d 66, 70 (2008).  In the VTCA, the Commonwealth has waived its sovereign immunity for tort claims in the circumstances to which the statute applies, but the waiver is a limited one and the VTCA, being an enactment in derogation of the common law, is

strictly construed.  Rector & Visitors of the Univ. of Va. v.

Carter, 267 Va. 242, 244-45, 591 S.E.2d 76, 78 (2004).  A waiver

of sovereign immunity may not be inferred from general statutory

language, but must be expressly and explicitly stated.  Afzall

v. Commonwealth, 273 Va. 226, 230, 639 S.E.2d 279, 281 (2007).

In the absence of such an express waiver, the courts of the

Commonwealth lack subject-matter jurisdiction to adjudicate tort

claims against the Commonwealth.  Id.

Accordingly, we must decide whether such an express waiver

of sovereign immunity renders the Commonwealth liable for the

negligent acts or omissions of deputies and jailors employed by

a county sheriff.  The VTCA provides, in pertinent part:

> [T]he Commonwealth shall be liable for claims for
> money only accruing on or after July 1, 1982
> . . . on account of damage to or loss of property
> or personal injury or death caused by the
> negligent or wrongful act or omission of any
> employee while acting within the scope of his
> employment . . . .

Code § 8.01-195.3 (emphasis added).  In Code § 8.01-195.2, the

VTCA defines an "employee" as "any officer, employee or agent of

any agency, or any person acting on behalf of an agency in an

official capacity . . . ."  The same section defines an "agency"

as "any department, institution, authority, instrumentality,

board or other administrative agency of the government of the

Commonwealth of Virginia . . . ."  (Emphasis added.)

Article VII, Section 4 of the Constitution of Virginia provides that the qualified voters of each county and city shall elect a treasurer, a sheriff, an attorney for the Commonwealth, a clerk of the court of record and a commissioner of the revenue.  These five are known as the "constitutional officers" because their offices are created directly by the constitution rather than by legislative enactment.

> [A] constitutional officer is an independent public official whose authority is derived from the Constitution of Virginia even though the duties of the office may be prescribed by statute.  While constitutional officers may perform certain functions in conjunction with units of county or municipal government, neither the officers nor their offices are agencies of such governmental units.

Carraway v. Hill, 265 Va. 20, 24, 574 S.E.2d 274, 276 (2003) (internal citation omitted).

Constitutional officers are responsible to the voters who elected them but do not depend upon either the government of the Commonwealth or upon the governing bodies of their counties or cities for their authority.  Accordingly, we hold that the sheriff of Russell County was not an "employee" of the Commonwealth within the definitions contained in the VTCA.  The sheriff's deputies and jailors were employees of the sheriff, not of the Commonwealth.  The sheriff had sole authority to employ them, to discharge them, and to direct their work.  They were responsible to the sheriff and not to the government of the

Commonwealth.  *A fortiori*, they were not "employees" of the Commonwealth within the express waiver of sovereign immunity contained in the VTCA.

### Conclusion

For the foregoing reasons, the sovereign immunity of the Commonwealth was not waived with respect to the plaintiff's tort claim and the circuit court correctly dismissed the case for lack of subject-matter jurisdiction to adjudicate it. Accordingly, we will affirm the judgment.

*Affirmed*.