# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kimberly D. Shaver

v.

HPB Corp.
and Roger J. Shepherd

March 19, 2012

Case No. 2010-152

By Judge Edward L. Hogshire

This personal injury action arose from the purportedly negligent acts of Mr. Roger J. Shepherd and HPB Corporation. The issue before the Court is plaintiff's Motion to Reconsider Plaintiff's Motion for Leave to Amend.

*Procedural History*

On July 7, 2011, plaintiff filed a Motion for Leave to Amend her Complaint so as to specifically allow her to plead *respondeat superior*. That motion was denied after the Court found that *respondeat superior* was a new claim and that the statute of limitations had run. Upon motion to reconsider and having carefully considered the arguments of counsel at the *ore tenus* hearing on February 21, 2012, as well as the pleadings, legal memoranda, and additional legal authority introduced by the parties, the Court, upon further reflection, now holds, for the reasons set forth below, that *respondeat superior* is not a new cause of action for statute of limitations purposes, but a legal theory of liability; moreover, as leave to amend would be in furtherance of the ends of justice and would not unduly prejudice the defendant, the Court will grant plaintiff leave to amend her Complaint so she can plead course and scope of employment.

*Summary of the Facts*

The accident giving rise to this lawsuit occurred on May 23, 2006. Plaintiff's original complaint was filed on May 8, 2008, and was later

nonsuited on April 9, 2010. The suit was re-filed on April 29, 2010, naming HPB Corporation and Roger Shepherd as defendants and timely claiming negligence. Roger Shepherd was ultimately dismissed with prejudice due to plaintiff's failure to serve him within one year. *See* Va. Code § 8.01-275.1. On July 7, 2011, plaintiff filed a Motion for Leave to Amend her Complaint. A hearing on plaintiff's motion was held on August 28, 2011, and, on September 20, 2011, the Court denied plaintiff's Motion for Leave to Amend. Defendant, HPB Corporation, then filed a motion for Summary Judgment premised upon plaintiff's failure to affirmatively plead *respondeat superior* in her complaint. The Court granted that motion on January 17, 2012, after finding that course and scope of employment must be alleged to plead *respondeat superior* liability.

Plaintiff moved to reconsider her Motion for Leave to Amend on January 23, 2012, and argument was held on February 21, 2012.

## *Issues Presented*

(1) Does the statute of limitations apply here to bar plaintiff from filing an amended pleading seeking to add *respondeat superior* as an element of her tort claim?

(2) If so, are the conditions set forth in Virginia Code § 8.01-6.1 satisfied to allow the amended pleading to relate back to the date of the original pleading for purposes of the statute of limitations?

(3) If there is no applicable statute of limitations for pleading *respondeat superior* as a distinct cause of action, should this Court grant plaintiff leave to amend?

## *Legal Analysis*

Amendments are not a matter of right and whether to grant leave to amend "is a matter resting within the sound discretion of the trial court." *Kole v. City of Chesapeake*, 247 Va. 51, 57, 439 S.E.2d 405, 409 (1994). The Supreme Court of Virginia, however, has mandated that "[l]eave to amend shall be liberally granted in furtherance of the ends of justice." Va. Supreme Court Rule 1:8. Claims barred by the applicable statute of limitations, however, may not be asserted through an amended pleading unless such a claim is deemed to have been filed at the earlier date. In this case, if *respondeat superior* is a separate action from the underlying negligence claim, then the plaintiff sought to amend her complaint beyond the six-month statute of limitations for recommencing a nonsuited action. *See* Va. Code § 8.01-229(E)(3). She would, therefore, be barred from amending her pleading unless the pleading related back to the original timely claim. *See* Va. Code § 8.01-6.1.

After closer examination at established authority, contrary to the Court's previous ruling, the Court has determined that *"respondeat superior* is a theory of liability, not a separate cause of action." *Rohrbaugh v. Kreidler,* 71 Va. Cir. 298, 304, 2006 Va. Cir. LEXIS 245, at *14 (Arlington County 2006); *see also Daud v. Commonwealth,* 282 Va. 317, 320 717 S.E.2d 124, 125 (2011) (describing *respondeat superior* as a "theory of recovery"); *Interim Pers. of Cent. Va. v. Messer,* 263 Va. 435, 440-41, 559 S.E.2d 704 (2002) (contrasting *respondeat superior* as a doctrine of tort liability as opposed to the "tort" of negligent hiring which is a "doctrine of primary liability"); *Giant, Inc. v. Enger,* 257 Va. 513, 516, 515 S.E.2d 111 (1999) (noting that *respondeat superior* is a "doctrine" of employer liability for the tortious acts of its employees under certain circumstances). As a result, the Eastern District of Virginia has stated that:

> *Respondeat superior* is not an independent conflicting tort, civil claim, or remedy. Rather it is a legal precept that presupposes the existence of an underlying claim and assesses liability not because of the act giving rise to the claim but because of a certain status. Thus, one cannot bring a claim of *"respondeat superior,"* instead one simply relies on this theory as a vehicle for imposing on the principal liability for the underlying wrongful acts of the agent.

*Newport News Indus. v. Dynamic Testing,* 130 F. Supp. 2d 745, 752 (E.D. Va. 2001). Since *respondeat superior* is a legal theory of liability and not an independent claim upon which a legal action is founded, there is no statute of limitations significance to the assertion of *respondeat superior* in an amended pleading.

Therefore, despite the significant amount of time between when the suit was re-filed and when plaintiff made her motion for leave to amend, the Court finds that leave to amend would be in furtherance of the ends of justice. Course and scope of employment must be alleged to plead *respondeat superior, see Butler v. Southern States Coop, Inc.,* 270 Va. 459, 466, 620 S.E.2d 768 (2005), and denying leave to amend would prevent plaintiff from asserting a theory of liability. Plaintiff has made no previous amendments, and the defendant has received sufficient notice that leave to amend would not cause prejudice to the defendant.

Based on the foregoing, plaintiff's Motion to Reconsider will be granted.