PRESENT:  All the Justices

VIOLET SEABOLT

                                              OPINION BY
v.   Record No. 110733              JUSTICE WILLIAM C. MIMS
                                               April 20, 2012
COUNTY OF ALBEMARLE

                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                        Cheryl V. Higgins, Judge

     In this appeal, we consider whether the circuit court had

subject matter jurisdiction to adjudicate a tort claim against

Albemarle County.

     Violet Seabolt filed a complaint against Albemarle County

alleging that she was injured as a result of the county's gross

negligence in maintaining a public park.  The county filed

defensive pleadings, including a demurrer to gross negligence

and a special plea of sovereign immunity.  The circuit court

heard argument on the county's pleadings and sustained the

demurrer as to gross negligence.  The circuit court declined to

rule on the county's special plea of sovereign immunity.

     On appeal, Seabolt argues that the circuit court erred in

sustaining the county's demurrer as to gross negligence.  The

county did not assign cross-error to the circuit court's

decision not to rule on the issue of sovereign immunity.

Nonetheless, the county argues, inter alia, that the circuit

court lacked jurisdiction to hear the suit because the county is

immune in tort.

We will first consider the county's claim of sovereign immunity because it is jurisdictional. Afzall v. Commonwealth, 273 Va. 226, 230, 639 S.E.2d 279, 281 (2007). In Afzall, we considered the Commonwealth's argument of sovereign immunity, made for the first time on appeal, because "if sovereign immunity applies, the court is without subject matter jurisdiction to adjudicate the claim." Id.

"At common law, the Commonwealth was immune from liability for torts committed by its officers, employees and agents. . . . [T]hat immunity continues to apply in the absence of a legislative waiver by which the Commonwealth consents to be sued in its own courts." Doud v. Commonwealth, 282 Va. 317, 320, 717 S.E.2d 124, 125 (2011) (citations omitted). Counties, as political subdivisions of the Commonwealth, enjoy the same tort immunity as does the sovereign. Mann v. County Bd. of Arlington County, 199 Va. 169, 175, 98 S.E.2d 515, 519 (1957); Fry v. County of Albemarle, 86 Va. 195, 197-99, 9 S.E. 1004, 1005-06 (1890). Consequently, "a county cannot be sued unless and until that right and liability be conferred by law." Mann, 199 Va. at 174, 98 S.E.2d at 518-19.

In Doud, we recognized that with the enactment of the Virginia Tort Claims Act ("VTCA"), "the Commonwealth has waived its sovereign immunity for tort claims in the circumstances to which the statute applies, but the waiver is a limited one."

2

282 Va. at 320, 717 S.E.2d at 125. However, the Virginia Tort Claims Act, by its express terms, excludes counties from its limited abrogation of immunity. Code § 8.01-195.3 ("nor shall any provision of this article be applicable to any county, city or town in the Commonwealth or be so construed as to remove or in any way diminish the sovereign immunity of any county, city or town in the Commonwealth").

Seabolt thus relies on a different statute as the basis for asserting a legislative waiver of the county's sovereign immunity. She argues that pursuant to Code § 15.2-1809, a county operating a park, recreational facility, or playground is "liable in damages for the gross negligence of any of its officers or agents in the maintenance or operation of any such park, recreational facility or playground."[1] Code § 15.2-1809. The county responds that this statute does not waive the sovereign immunity of counties, but only of cities and towns. We agree with the county.

Code § 15.2-1809 states:

> No <u>city or town</u> which operates any park, recreational facility or playground shall be liable in any civil action or proceeding for damages resulting from any injury to the person or from a loss of or damage to the property of any person caused by any act or omission constituting ordinary negligence on the part of any officer or agent of such city or town in the

---

[1] We note that Seabolt has named only Albemarle County and not one or more of its officers or agents in this action.

3

> maintenance or operation of any such park, recreational facility or playground. Every such city or town shall, however, be liable in damages for the gross negligence of any of its officers or agents in the maintenance or operation of any such park, recreational facility or playground.
>
> The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.

(Emphasis added.) In determining whether Code § 15.2-1809 allows counties to be sued for the alleged gross negligence of unnamed officers or agents, "[w]e look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute." Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011) (internal citations and quotation marks omitted). Furthermore, we recognize that "[a] waiver of immunity cannot be implied from general statutory language but must be explicitly and expressly announced in the statute." Afzall, 273 Va. at 230, 639 S.E.2d at 281 (internal quotation marks omitted).

The plain meaning of the statute is clear. In a suit for damages arising out of the operation or maintenance of a public park, recreational facility, or playground, a city or town is not liable for its agents' and employees' acts of ordinary negligence, but is liable for gross negligence of the same officers or agents. The second paragraph of the statute confers

4

the immunity created in the first paragraph for cities and towns onto counties "in addition to" the immunity counties already enjoy.  Code § 15.2-1809 does not in any way abrogate the sovereign immunity of counties.  This holding is consistent with our conclusion in Frazier v. City of Norfolk, 234 Va. 388, 362 S.E.2d 688 (1987), that by enacting the statute, "the General Assembly intended to limit the civil liability of municipalities," i.e. only cities and towns, "in the maintenance and operation of any recreational facilities to cases of gross or wanton negligence."  Id. at 391, 362 S.E.2d at 690 (emphasis added).

The county next argues that the circuit court lacked subject matter jurisdiction because Seabolt did not allege compliance with the presentment and appeal procedures set forth in Code §§ 15.2-1243 et seq.  According to the county, these statutes provide the "mandatory and exclusive mode for bringing any claim against a county in the Commonwealth."  In the apparent view of the county, the claims permitted pursuant to Code §§ 15.2-1243 et seq. include tort claims.  Because we consistently have held that the statutes do not apply to tort claims, we do not need to reach the procedural compliance question.

In both Fry and Mann, we interpreted the antecedents to the present statutes and held that they did not abrogate the

5

sovereign immunity of counties in tort.  Rather, they only

allowed counties to sue and be sued in contract, subject to

certain procedural requirements.

In Fry, this Court interpreted former section 13 of chapter

45 of the Code of 1873, which read: "Counties may sue in their

own names for forfeitures, fines, or penalties given by law to

such counties, or upon contracts made with them, and may be sued

in their own names, in the circuit court of such county."  We

held that "[t]he legislature has given a remedy in cases growing

out of contracts with counties, but it has given no remedy

against a county for the negligence of a public officer or

servant appointed by law."  86 Va. at 197, 9 S.E.2d at 1005.

In Mann, we interpreted a nearly identical version of that

statute, former Code § 15-3, and held: "Virginia has enacted

legislation allowing counties to sue and be sued upon

contractual obligations (§ 15-3, Code 1950), yet we find no

legislation allowing it to be sued for tortious personal

injuries."  199 Va. at 174, 98 S.E.2d at 519.[2]  Today we do not

_____

[2] Notably, at the time of the Mann decision, the Code of
1950 included several statutes relating to claims against
counties which the Court clearly did not view as applying to
tort claims.  See, e.g., former Code §§ 15-253 ("Audit and
allowance of claims against counties"); 15-256 ("Limitations on
issuance of warrants"); 15-257 ("Allowance of claims;
procedure"); 15-259 ("Appeal from disallowance of claim"); 15-
260 ("When disallowance of claim final; exception; when no
execution to be issued."); 15-261 ("No action allowed against
county until, etc.").  Those statutes are the predecessors to

6

disturb that holding. There is no indication that the General Assembly, in its recodification and amendments subsequent to Mann, intended to abrogate counties' immunity in tort. See Afzall, 273 Va. at 230, 639 S.E.2d at 281 (waiver of immunity cannot be implied from general statutory language but must be explicitly and expressly announced in the statute).

We hold that the "claims" that may be recovered under Code §§ 15.2-1243 et seq. do not include those based in tort. In the absence of a legislative waiver of immunity, the circuit court was without jurisdiction to adjudicate Seabolt's tort claim against the county. See Afzall, 273 Va. at 230, 639 S.E.2d at 281. The circuit court should have granted the county's special plea of sovereign immunity. The court had no jurisdiction to decide the case on any other basis. Consequently, we will affirm the circuit court's dismissal of Seabolt's complaint.

Affirmed.

---

the current statutory scheme set forth in Code §§ 15.2-1243 et seq. and are substantially identical to the provisions at issue in this case. See Code §§ 15.2-1243 ("Governing body to receive, audit and approve claims; warrants"); 15.2-1244 ("Limitations on issuance of warrants"); 15.2-1245 ("Procedure for allowance of claims"); 15.2-1246 ("Appeal from disallowance of claim"); 15.2-1247 ("When disallowance of claim final; exception; when no execution to be issued."); 15.2-1248 ("No action against county until claim presented to governing body.").

7