Present:  All the Justices

MARISSA AHARI, AS ADMINISTRATOR
AND REPRESENTATIVE OF
ALEXANDRA AHARI, DECEASED

v.  Record No. 070146  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    January 11, 2008
DENNIS C. MORRISON, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

In this appeal, we determine whether the operative filing date of an amended complaint is the date on which a motion for leave to amend is filed or the date on which a trial court enters an order granting leave to amend. Because Rule 1:8 requires leave of court to amend any pleading after it is filed, we conclude that the circuit court did not err by holding that an amended complaint is not deemed filed, and is thus without legal efficacy, until a trial court grants leave to amend.

Marissa Ahari, as administrator and representative of the estate of Alexandra Ahari (the decedent), filed a complaint on March 1, 2006, naming Fairfax County, Virginia and the Commonwealth of Virginia as defendants.  In the complaint, Ahari alleged that the defendants had a duty to maintain and repair roadway and street surfaces so as to keep them in a reasonably safe condition for travel by the public and that they failed to do so, thereby causing the

decedent to lose control of her vehicle on May 18, 2004 while traveling on Baron Cameron Avenue in Fairfax County. Ahari further alleged that the decedent died as a result of injuries sustained in the accident.

On May 15, 2006, three days before the expiration of the applicable statute of limitations, see Code § 8.01-243, Ahari moved for leave to file an amended complaint. Along with the motion, Ahari tendered the proposed amended complaint that, among other things, added as party defendants Dennis C. Morrison, Robert Driscoll, and John Doe I, II, and III, all of whom were allegedly employees of the Virginia Department of Transportation.[1] On July 28, 2006, the circuit court granted Ahari's motion for leave to file an amended complaint but reserved for further argument the question as to the operative filing date of the amended complaint.

The defendants named in the amended complaint then filed a plea of the statute of limitations. Citing Rule 1:8 and this Court's decision in Mechtensimer v. Wilson,

---

[1] Subsequent to Ahari's motion for leave to file an amended complaint, the circuit court, at Ahari's request, dismissed Fairfax County as a party in this case with prejudice. The circuit court also dismissed the Commonwealth as a party based on its plea in bar asserting sovereign immunity, likewise with prejudice. Future references in this opinion to "the defendants" will not include Fairfax County or the Commonwealth.

2

246 Va. 121, 431 S.E.2d 301 (1993), they argued that the amended complaint was without legal efficacy until July 28, 2006, the date the circuit court granted Ahari's motion for leave to amend. According to the defendants, the applicable statute of limitations expired before that date and thus barred the claims asserted against them in the amended complaint.

Ahari countered by pointing out that Rule 3:2 states that a civil action is commenced by filing a complaint in the clerk's office and that Rule 3:3 directs a clerk to "receive and file all pleadings when tendered, without order of the court." Thus, according to Ahari, the amended complaint was filed when she tendered it to the clerk along with the motion for leave to amend on May 15, 2006, and the action with respect to the new party defendants was commenced on that date, which was before the expiration of the applicable statute of limitations. Relying on numerous decisions from courts in other jurisdictions, Ahari argued that an amended complaint is deemed filed for purposes of tolling a statute of limitations on the date a motion for leave to amend, along with the amended complaint, are filed. Ahari claimed that to hold otherwise would ignore the fact that a plaintiff has no control over when a trial court may enter an order granting a motion for leave to

3

amend.  Ahari also noted that instead of filing the motion for leave to amend she could have filed a new complaint, paid the required filing fee, and the result would be the same with respect to tolling the running of the statute of limitations.

After hearing argument, the circuit court granted the defendants' plea of the statute of limitations and dismissed the action with prejudice.  The court explained that "pursuant to Rule 1:8 . . . and legal precedent, there is no ability of [a] plaintiff to file an amended pleading save by leave of [c]ourt, and leave of court was not obtained in this case until July 28, 2006, which is the amended complaint's operative date."

Now on appeal to this Court, Ahari asserts that the circuit court erred by granting the defendants' plea of the statute of limitations despite the fact that she filed the motion for leave to amend and tendered the amended complaint before the expiration of the statute of limitations.  Ahari, as well as the defendants, present the same arguments here as they did before the circuit court. To resolve the issue before us, we must determine the operative filing date of an amended complaint.  Is that date when a motion for leave to amend is filed with the clerk and the amended complaint is tendered, as Ahari

4

contends, or is the operative date of filing when a trial court enters an order granting leave to amend?  This question presents an issue of law, which we review de novo.  See Westgate at Williamsburg Condominium Ass'n v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 118 (2005).

In relevant part, Rule 1:8 states: "No amendments shall be made to any pleading after it is filed save by leave of court."  The effect of this Rule was at issue in Mechtensimer where the plaintiff filed an amended motion for judgment without first obtaining leave of court to do so.[2]  246 Va. at 122, 431 S.E.2d at 301.  The defendant moved to quash service and dismiss the amended motion for judgment because the plaintiff failed to comply with Rule 1:8.  Id., 431 S.E.2d at 302.  Even though he had filed responsive pleadings to the amended motion, the defendant argued that the amended motion, nevertheless, had no legal efficacy.  Id.  The trial court agreed and granted the defendant's motion to dismiss.  Id.  We affirmed that judgment.  Id. at 123, 431 S.E.2d at 302.  Based on the

---

[2] We utilized the term "motion for judgment" in Mechtensimer since the case was decided before we amended our Rules, effective January 1, 2006, to provide that a civil action, which includes legal and equitable causes of action, is commenced by filing a "complaint" in the clerk's office.  Rules 3:1 and 3:2.

plain language of Rule 1:8, we held "that [the plaintiff's] amended motion was without legal efficacy because [the plaintiff] failed to obtain leave of court to amend his original motion for judgment. Thus, the [trial] court did not acquire jurisdiction to adjudicate any causes of action alleged in the amended motion." Id. at 122-23, 431 S.E.2d at 302. The fact that the defendant had filed responsive pleadings did not confer jurisdiction upon the trial court. Id. at 123, 431 S.E.2d at 302.

Even though Mechtensimer, unlike the case before us, did not involve an issue of the statute of limitations, its rationale is controlling and answers the question as to the operative filing date of Ahari's amended complaint. Until July 28, 2006, when the circuit court granted Ahari's motion for leave to amend, the amended complaint had no legal efficacy. See Mechtensimer, 246 Va. at 122-23, 431 S.E.2d at 302; Harrell v. Harrell, 272 Va. 652, 657, 636 S.E.2d 391, 394-95 (2006) (holding that plaintiff's amended complaint "was properly dismissed for failing to comply with the requirements of Rule 1:8 to obtain leave of court before filing" and that any request for relief contained in the amended complaint was rendered a nullity by the dismissal); Bowie v. Murphy, 271 Va. 126, 132 n.4, 137, 624 S.E.2d 74, 78 n.4, 80 (2006) (holding that claims asserted

6

in an amended motion for judgment that exceeded the scope of the trial court's leave to amend were not properly asserted and were therefore barred).  Only at that time was the amended complaint deemed filed, thereby adding the new party defendants and commencing the action as to them.[3]  See Mendenhall v. Cooper, 239 Va. 71, 76, 387 S.E.2d 468, 471 (1990) ("[I]t is well-established that when 'a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time that he was so brought in.'") (quoting Webb v. United States Fidelity & Guar. Co., 165 Va. 388, 393, 182 S.E. 557, 559 (1935)).  Thus, until the circuit court granted leave for Ahari to amend her complaint, the statute of limitations continued to run with regard to the cause of action asserted against the new defendants.  See Neff v. Garrard, 216 Va. 496, 498, 219 S.E.2d 878, 879 (1975) (holding that when an amended pleading asserts a new cause of action or makes a new demand, the statute of limitations continues to run until the date of the amendment).  And, on the operative filing date of the amended complaint, July 28, 2006, the statute of limitations had expired by more than two months.  The circuit court therefore did not err by

---

[3] No question is raised in this appeal regarding the provisions of Code § 8.01-6 that address "[a]n amendment

7

granting the defendants' plea of the statute of limitations.[4]

For these reasons, we will affirm the judgment of the circuit court.

<u>Affirmed</u>.

---

changing the party against whom a claim is asserted[.]"
    [4] We are not persuaded otherwise by the numerous cases from other jurisdictions cited by Ahari.