PRESENT:  All the Justices

SHIRLEY CONGER, ADMINISTRATOR
OF THE ESTATE OF PAUL RAE CONGER

                                        OPINION BY
v.    Record No. 091492          JUSTICE WILLIAM C. MIMS
                                     November 4, 2010
EUGENE J. BARRETT, M.D., ET AL.

            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                      Cheryl V. Higgins, Judge

     In this appeal, we consider whether the statute of

limitations for wrongful death actions established by Code

§ 8.01-244(B) bars the reinstatement of an action dismissed

under Code § 8.01-335(B).

          I.    BACKGROUND AND MATERIAL PROCEEDINGS BELOW

     Paul Rae Conger died on March 7, 2001.  His widow, Shirley

Conger ("Conger"), qualified as his personal representative.

On May 21, 2002, Conger filed a complaint under Code § 8.01-50

against Eugene J. Barrett, M.D. and James C. VandeWater, M.D.

(collectively "the Doctors") alleging they wrongfully caused

Paul's death.  The Doctors filed timely responsive pleadings.

The record reflects no other papers filed, no proceedings

conducted, and no orders entered after June 10, 2003.

     On March 29, 2007, Barrett sought entry of an order

dismissing the case under Code § 8.01-335(B).  The circuit

court entered the order on May 3, 2007.  On April 29, 2008,

Conger filed a motion pursuant to that statute to reinstate the

case.  The court entered an order granting Conger's motion on May 1, 2008.

The Doctors subsequently filed pleas of the statute of limitations in which they argued that the court's earlier dismissal under Code § 8.01-335(B) dismissed the case "without determining the merits of [the] action" within the meaning of Code § 8.01-244(B).  They asserted that the two-year limitation period had run because 440 days had elapsed between Paul's death and the filing of the complaint and 362 more days had elapsed between the dismissal and the filing of the motion to reinstate.

Conger argued that Code § 8.01-335(B) permits a plaintiff whose case is dismissed under that statute to reinstate it within one year.  Conger contended Code § 8.01-244(B) did not apply because a motion to reinstate revives the original action and thus there was not "another action" as contemplated by that statute.

Relying on this Court's decision in Nash v. Jewell, 227 Va. 230, 315 S.E.2d 825 (1984), in which we considered the difference between "discontinuance" and "dismissal" for the purposes of Code § 8.01-335, the circuit court held that its earlier dismissal restarted the limitation period established in Code § 8.01-244(B) and found that the limitation period had expired before the case was reinstated.  In addition, the court

2

determined that to the extent Code §§ 8.01-244(B) and 8.01-335(B) were in conflict, the former was more specific and therefore controlled.  The court then sustained the Doctors' pleas and dismissed the case.  We awarded Conger this appeal.[1]

## II. ANALYSIS

There are no facts in dispute, so the applicability of the statute of limitations is a purely legal question of statutory construction which we review de novo.  Willard v. Moneta Bldg. Supply, 262 Va. 473, 477, 551 S.E.2d 596, 597 (2001).  "[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent."  Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).  "[W]hen a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each."  Ainslie v. Inman, 265 Va. 347, 353, 577 S.E.2d 246, 249 (2003).  Therefore "[w]e accord each statute, insofar as possible, a meaning that does not conflict with any other statute."  Ragan v. Woodcroft Village Apts., 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998).  "When two statutes seemingly conflict, they should be harmonized, if at all possible, to give effect to both.  However, when two statutes do conflict, and one statute speaks to a subject generally and

---

[1] We also granted the Doctors' assignment of cross-error that the circuit court erred in granting Conger's motion to reinstate after the two-year limitation period had expired.

3

another deals with an element of that subject specifically, the more specific statute is controlling." <u>Viking Enter. v. County of Chesterfield</u>, 277 Va. 104, 110, 670 S.E.2d 741, 744 (2009) (internal citations, quotation marks, and alterations omitted).

In this case, Code §§ 8.01-244(B) and 8.01-335(B) are both implicated but they are not in conflict. Code § 8.01-244(B) provides, in relevant part, that if any wrongful death action

> is brought within [a] period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted.

By its plain terms, this language tolls the two-year limitation period while a wrongful death lawsuit is pending. In the event such a pending suit is ended, however, whether by abatement or dismissal without determining the merits, the time available within the limitation period begins to run again and the plaintiff may commence a new action only if he does so before any remaining time expires. Thus, if a plaintiff commences his wrongful death action one year after the death of the decedent and that action abates or is dismissed without determining the merits, then one year remains to commence a new action beginning on the date the original action abated or was dismissed. The remaining time is calculated without regard to

4

how long the original action was pending.  But after the

remaining time elapses, Code § 8.01-244(B) bars the

commencement of a new action.

By contrast, Code § 8.01-335(B) provides that

[a]ny court in which is pending a case wherein
for more than three years there has been no
order or proceeding, except to continue it, may,
in its discretion, order it to be struck from
its docket and the action shall thereby be
discontinued.  The court may dismiss cases under
this subsection without any notice to the
parties.  The clerk shall provide the parties
with a copy of the final order discontinuing or
dismissing the case. Any case discontinued or
dismissed under the provisions of this
subsection may be reinstated, on motion, after
notice to the parties in interest, if known, or
their counsel of record within one year from the
date of such order but not after.

The plain meaning of this statute is that any action in

which there is no activity by the parties for three or more

years may be removed from the court's docket, either by

dismissal or discontinuance.[2]  Thereafter the court may

---

[2] As originally enacted in 1977, Code § 8.01-335 distinguished between discontinuances in subsection A and dismissals in subsection B.  1977 Acts. ch. 617.  The legislative report explaining the re-codification of Title 8.01 makes clear that this distinction was deliberate.  House Doc. No. 14, Virginia Code Commission, Report on Revision of Title 8 of the Code of Virginia at 219 (1977) ("The present language [of former Code § 8-154] has been altered to better distinguish between a dismissal and a discontinuance, when each is available, and the effect of each.").  The statute retained this distinction in 1984 when we decided Nash.  However, the General Assembly subsequently replaced references to dismissal with references to discontinuances in Code § 8.01-335(B).  1997 Acts ch. 680.  The legislature then re-introduced references to

5

reinstate the case on motion but only within one year of the dismissal or discontinuance. Thus, the statute creates a rare exception to the rule that a circuit court loses jurisdiction over a case 21 days after entering a final order.[3] See Rule 1:1 ("All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.").

The dismissal of an action under Code § 8.01-335(B) is a dismissal without determining the merits for the purposes of Code § 8.01-244(B), and such a dismissal resumes the two-year limitation period established for a wrongful death action. But statutes of limitation operate to bar the commencement of actions and generally have no effect on an action already pending before the court.[4] See Code § 8.01-228 ("Every action for which a limitation period is prescribed by law must be

---

dismissal and made some, but not all, of the references to dismissal and discontinuances disjunctive, thereby creating the appearance that discontinuance and dismissal were identical for some purposes but not others. 1999 Acts ch. 652.

In the case before us, the circuit court's May 3, 2007, order clearly dismissed Conger's action. Consequently, in this case, the distinction between dismissal and discontinuance is not relevant to our inquiry.

[3] Code § 8.01-428 is a similar exception. McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).

[4] Of course, statutes of limitation may bar the addition of new claims, parties, or demands to a commenced action. Ahari v. Morrison, 275 Va. 92, 96-97, 654 S.E.2d 891, 893-94 (2008); Neff v. Garrard, 216 Va. 496, 498, 219 S.E.2d 878, 879 (1975).

6

commenced within the period prescribed . . . ."); Code § 8.01-235 (A plea of the statute of limitations is a plea "that an action [was] not commenced within the limitation period prescribed by law."). Thus, by its plain terms, Code § 8.01-244(B) bars only the filing of "another action" if the two-year limitation period has expired.

Conger's motion to reinstate her earlier case did not create "another action" and therefore is not subject to the limitation period in Code § 8.01-244(B).[5] See Rule 3:2(a) ("A civil action shall be commenced by filing a complaint in the clerk's office."). Rather, Conger's motion to reinstate merely invited the circuit court to invoke the statutory expansion of its jurisdiction provided by Code § 8.01-335(B) to reopen the existing action and thereby resume proceedings in the existing action despite the entry of an otherwise final order. The statute establishes a one-year limitation period for reinstatement from the date the case was dismissed or

---

[5] The Code § 8.01-244(B) limitation period would apply if a new action were filed for any reason, unless the new action were filed following a voluntary nonsuit. Code § 8.01-244(B) ("[I]f a plaintiff suffers a voluntary nonsuit pursuant to § 8.01-380, the nonsuit shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of subdivision E 3 of § 8.01-229 shall apply to such a nonsuited action."). Such reasons could include that a plaintiff sought to amend the complaint to add claims, parties, or demands; or that a new complaint was required to cure some defect, such as misjoinder. See James v. Peyton, 277 Va. 443, 456, 674 S.E.2d 864, 870 (2009) (requiring the filing of a new action to cure misjoinder).

discontinued; that period had not expired when the court entered the order.[6]  Thus, in this case, the original action was effectively reinstated and the original commencement date of that action is controlling for the purposes of the statute of limitations.

Consequently, the circuit court erred in sustaining the Doctors' pleas and dismissing the case as barred by Code § 8.01-244(B).  Accordingly, we will reverse the judgment of the circuit court and remand for further proceedings.

                                        Reversed and remanded.

---

[6] This holding disposes of the Doctors' assignment of cross-error because the circuit court did not err in granting Conger's motion to reinstate the case within the one-year limitation period established by Code § 8.01-335(B).

8