PRESENT: Koontz, Kinser, Lemons, and Mims, JJ., and Carrico, Russell and Lacy, S.JJ.

JERRY K. ADDISON, ADMINISTRATOR
OF THE ESTATE OF JOSEPH A. ADDISON,
DECEASED, ET AL.

OPINION BY
v.   Record No. 092361          JUSTICE WILLIAM C. MIMS
                                    January 13, 2011
WILLIAM JURGELSKY, JR., M.D., ET AL.


FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Patrick R. Johnson, Judge

In this appeal we consider whether a wrongful death action brought by one of two co-administrators of an estate was properly dismissed as time-barred when the second co-administrator was joined as a plaintiff after the expiration of the statute of limitations.

I.   BACKGROUND AND MATERIAL PROCEEDINGS BELOW

The decedent, Joseph A. Addison ("Joseph"), died on April 3, 2004 after having been treated at Clinch Valley Medical Center.  Joseph's parents, Jerry K. Addison ("Jerry") and Shirley B. Addison ("Shirley") (collectively, "the Addisons"), qualified in the circuit court as co-administrators of his estate.  On March 21, 2006, Jerry, as administrator, filed a complaint pursuant to the Wrongful Death Act, Code § 8.01-50, alleging medical malpractice against Joseph's treating physicians, William Jurgelsky, Jr., M.D., Antonio M. Peralta, M.D., Thomas Cortellesi, D.O., Edna A. Griffenhagen, M.D., and

Galen-Med, Inc.  Jurgelsky, Peralta, Cortellesi, and Galen-Med, Inc. filed motions to abate due to the nonjoinder of Shirley as co-administrator, asserting that "[a] single administrator of an estate that has two co-administrators has no right, standing or authority to file an action at law without the other co-administrator joining in the case."  The circuit court denied the motion to abate and granted Jerry leave to file an amended complaint joining Shirley as a plaintiff.  Jerry filed an amended complaint including Shirley as a party plaintiff and naming only Jurgelsky, Peralta, and Cortellesi as defendants (collectively the "Defendants") on September 12, 2008.

The Defendants then filed pleas of the statute of limitations to the amended complaint.  They asserted, inter alia, that the two-year limitation period set forth in Code § 8.01-244 was not tolled prior to Shirley's joinder because an action by only one of two co-administrators was a nullity.  Consequently, the limitations period had expired.  Following argument, the circuit court granted the pleas and dismissed the amended complaint with prejudice.  We awarded the Addisons this appeal.

## II.  ANALYSIS

This appeal presents purely legal questions of statutory construction which we review de novo.  Conger v. Barrett, 280 Va. 627, 630, ___ S.E.2d ___, ___ (2010).  There are two

2

assignments of error.  The Addisons argue that the circuit court erred in ruling that Jerry lacked standing as a single co-administrator to maintain a wrongful death action.  Alternatively, they argue that Shirley, as a necessary party, could be joined as a party plaintiff after expiration of the relevant statute of limitations.  We must first determine whether a single co-administrator may file an action under the Wrongful Death Act.

Code § 8.01-50(B), in pertinent part, states, "Every such action under this section shall be brought by and in the name of the personal representative of such deceased person within the time limits specified in § 8.01-244."  In this action, the specified time limit is two years.  See Code § 8.01-244.  The Addisons argue that this language does not require that all co-administrators must join as plaintiffs and that a single co-administrator may maintain a wrongful death action.  We disagree.

We look to the plain meaning of the statutory language, Conger, 280 Va. at 632, ___ S.E.2d at ___, and presume that " 'the legislature chose, with care, the words it used when it enacted the relevant statute.' "  City of Virginia Beach v. ESG Enters., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (quoting Barr. v. Town & Country Props., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)).  If the General Assembly had intended for any

3

one of two or more administrators to pursue a wrongful death action, it could have used the indefinite articles "a" or "any" rather than the definite article "the" prior to the term "personal representative."  By using the term "the personal representative," while knowing that more than one individual may qualify as administrator or executor, the General Assembly intended a unity of action whether there is one personal representative or more than one.

This interpretation is consistent with this Court's holding in a context other than the Wrongful Death Act.  In Beavers v. Beavers, 185 Va. 418, 39 S.E.2d 288 (1946), we stated, "The court never forces a joint administration, and for an obvious reason – because it is necessary for the administrators to join in every act – there might be a complete contrariety of action, and it would be in the power of any one of them to defeat the whole administration."  Id. at 424, 39 S.E.2d at 291 (citations and internal quotation marks omitted).[1] As the circuit court accurately noted in its letter opinion in this case, "independent actions by co-administrators would force defendants to litigate two or more separate suits on the same issue and may result in multiple recoveries for the same

---

[1] See also William H. Bryson, Bryson on Virginia Civil Procedure § 5.02[3](4th ed. 2005 & Supp. 2010) ("Co-executors and co-administrators must all join or be joined as co-plaintiffs or co-defendants").

4

cause of action." We agree that Code § 8.01-50 precludes such a result.

However, the circuit court based its dismissal upon the conclusion that Jerry did not have standing to sue on behalf of his decedent. That conclusion was error: an administrator (or executor) is the only person with standing to sue under the Wrongful Death Act. See Code § 8.01-50(B). Jerry was not a plaintiff without statutory authority to act; rather, the correct inquiry was whether Jerry could maintain the action solely or whether Shirley also was a necessary party plaintiff.

Having determined that a single co-administrator may not maintain a wrongful death action, we now turn to the remaining issue, whether the absent co-administrator may be joined as a party plaintiff pursuant to Code § 8.01-5 after expiration of the statute of limitation.

In its letter opinion, the circuit court found that Shirley was a necessary party and that Jerry lacked standing to sue alone. The circuit court relied upon Cook v. Radford Community Hospital, Inc., et al., 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000), to rule that whether "an original party lacks standing is not an issue of misjoinder or non-joinder, rather a necessary party may not be added or a new plaintiff substituted for an original party that lacked standing to sue."

However, <u>Cook</u> is distinguishable from this case.  In <u>Cook</u>, the sole plaintiff had no statutory authority to file the action, whether individually or in concert with another.  <u>Id.</u> at 448, 536 S.E.2d at 908.  Consequently, to maintain the action, the only plaintiff would have to be dismissed and a new plaintiff substituted in her stead.  Since she had no authority to act under any circumstances, the Court ruled that her filing had to be dismissed.  <u>Id.</u>

Code § 8.01-5(A) states, in pertinent part:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

The plain language of this statute would permit the joinder of Shirley Addison as an additional party plaintiff <u>at any time as the ends of justice may require</u>.  The statute is remedial in nature and therefore should be liberally construed.  <u>Carroll v. Johnson</u>, 278 Va. 683, 693, 685 S.E.2d 647, 652 (2009).

The Defendants rely on this Court's decisions in <u>Mendenhall v. Douglas L. Cooper, Inc.</u>, 239 Va. 71, 387 S.E.2d 468 (1990), and <u>Ahari v. Morrison</u>, 275 Va. 92, 654 S.E.2d 891 (2008), in support of their assertion that when a claim is

6

time-barred as to a necessary party the entire claim must be dismissed.  These cases are distinguishable.

Mendenhall involved the application of Virginia's mechanic's lien statute.  The suit to enforce the lien named only the property developer as a party defendant and it omitted subsequent purchasers and deed of trust trustees and beneficiaries, all of whom are necessary parties defendant pursuant to the statute.  Id. at 75, 387 S.E.2d at 470.  This Court ruled that the necessary parties defendant could not be added and the "suit, time-barred as to any necessary party, must be dismissed because such necessary party is not subject to the court's jurisdiction."  Id.

In Ahari, the plaintiff filed a motion pursuant to Rule 1:8 for leave to amend her complaint to add additional parties defendant.  275 Va. at 93-94, 654 S.E.2d at 892.  The motion was filed prior to expiration of the relevant statute of limitation but was granted by order entered after expiration of the statute.  Id.  The trial court dismissed the amended complaint as time-barred.  Id. at 95, 654 S.E.2d at 893.  This Court affirmed, stating that when a new party defendant is joined, "the operative filing date" was when the trial court granted leave to amend.  Id. at 96, 654 S.E.2d at 893-94.

Unlike Mendenhall and Ahari, in this case the absent necessary party was a plaintiff who sought to be joined to a

pending claim rather than a defendant who would have resisted such joinder.  This distinction is fully consistent with the policy that underlies statutes of limitation, which are intended to protect non-parties from becoming subject to judicial claims when the passage of time may have increased the difficulty of defending such claims.  See, e.g., Carter v. Carter, 232 Va. 166, 172, 349 S.E.2d 95, 98 (1986) (recognizing that a purpose of statutes of limitation is to "protect defendants against the problems of proof following lapse of a lengthy period of time"); Burns v. Board of Supervisors, 227 Va. 354, 359, 315 S.E.2d 856, 859 (1984) (same).  In Burns, we explained that "statutes of limitation serve an important and salutary purpose. Without them, defendants could find themselves at the mercy of unscrupulous plaintiffs who hoard evidence that supports their position while waiting for their prospective opponents to discard evidence that would help make a defense."  Id.

The mere addition of a co-administrator (or co-executor) of an estate as a necessary party plaintiff who willingly submits to the court's jurisdiction does not offend the public policy underlying the statutes of limitation and does not

prejudice any defendant in an action bringing claims only of the estate.[2]

We hold that Code § 8.01-5 permits the joinder of a co-administrator to a wrongful death action under Code § 8.01-50 when the other co-administrator is already a party plaintiff and the claims in the suit do not change as a result of the joinder.  We further hold that Jerry's initial filing, without his co-administrator, of the wrongful death claim tolled the statute of limitations for that claim.  See Code § 8.01-244(B). The circuit court therefore erred in sustaining the Defendants' plea of the statute of limitations.  We will reverse and remand for further proceedings in accord with this opinion.

Reversed and remanded.

---

[2] The present case presents no prospect of a counterclaim against the newly added co-administrator, so the Court has no occasion in this opinion to comment on the statute of limitation issues that might arise in that circumstance.  See Code § 8.01-233.