COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


RUSTY EKLUND

MEMORANDUM OPINION[*] BY
v.       Record No. 1120-10-1                     JUDGE LARRY G. ELDER
                                                              MAY 17, 2011
ROKIA SIDABE EKLUND


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

(Allen Conrad Bareford, III, on brief), for appellant.  Appellant
submitting on brief.

Lauren D. Mehosky (Legal Aid Society of Eastern Virginia, on
brief), for appellee.


        Rusty Eklund (father) appeals an order from the circuit court denying his motion to modify

the entry date of a custody and visitation order from the juvenile and domestic relations district

court (J&DR court).  He contends Code § 8.01-428(C) authorizes the circuit court to direct the

J&DR court to modify the entry date of the custody order to reflect when father actually received

notice of the order so that he could appeal within ten days.  In opposition, Rokia Sidabe Eklund

(mother) contends Rules 5A:18 bars our consideration of father's appeal because he did not make a

specific and timely objection.  We hold that father properly preserved the issue for appeal.

However, Code § 8.01-428(C) does not apply to J&DR court orders, and we affirm the circuit

court's decision.

        Turning first to mother's Rule 5A:18 argument, we hold the record clearly demonstrates

father made a specific and timely objection in the circuit court.  Rule 5A:18 requires an "objection

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[be] stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."[1]  "Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal."  Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc).

Father's current appeal arises from an action initiated in the circuit court.  On February 26, 2008, mother petitioned the J&DR court for custody and visitation rights over the parties' daughter.  In an order dated March 3, 2010, the J&DR court awarded custody of the daughter to mother "with reasonable and liberal visitation to the father."  Although father was aware of the court's ruling, it appears he did not have actual notice of the custody order until he received a facsimile of the order on March 19, 2010.  Therefore father did not appeal the custody award within ten days of its entry.

On March 22, 2010, father moved the J&DR court to reconsider the custody order.  The J&DR court ruled that it was without jurisdiction to hear father's motion to reconsider from the custody order.[2]  In response, father filed a motion to modify the entry date of the custody order in the circuit court, requesting the circuit court to "grant leave to appeal and adjust the computation of time of the entry of the March 3, 2010 Order, for appeal purposes only, to March 19, 2010[,] therefore preserving the appeals currently pending in the Juvenile court."  This motion is included in the record and specifically invokes Code § 8.01-428(C) as the basis for the motion.  Indeed, it is father's belief that the circuit court has authority to direct the J&DR court to modify the custody

---

[1] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."  Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect.  See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003).

[2] The record does not contain father's motion to reconsider or the J&DR court's order denying the reconsideration motion.

- 2 -

order, and he therefore filed the motion with the circuit court. Notwithstanding the complicated posture of this appeal and the lack of orders from the J&DR court proceedings, the record sufficiently shows father specifically voiced his objection to the appropriate court at the appropriate time.

On April 8, 2010, the circuit court heard arguments pertaining to father's motion. In a letter opinion dated April 12, 2010, the circuit court agreed with the J&DR court that it lacked jurisdiction to hear the matter because Code § 8.01-428(C) "does not apply to the entry date of Orders from the Juvenile and Domestic Relations court." The circuit court memorialized this ruling in an order dated April 26, 2010.[3]

Under Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." However, "[b]y specific legislative act the General Assembly has authorized trial courts to remedy lack of notice for the filing of an appeal." Rose v. Jaques, 268 Va. 137, 147, 597 S.E.2d 64, 70 (2004). Code § 8.01-428(C) operates as a narrow exception to Rule 1:1 and provides that:

> [i]f counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, modify, vacate, or suspend the order or grant the party leave to appeal. Where the circuit court grants the party leave to appeal, the computation of time for noting and perfecting an appeal shall run from the entry of such order, and such order shall have no other effect.

---

[3] The circuit also noted that father had filed an appeal of the March 3, 2010 custody order, which was pending to be set at docket call on April 12. Father asserts in his opening brief that on July 20, 2010, the circuit court declined the appeal, finding it was procedurally barred. No supporting documentation exists in the record.

Father's challenge to the circuit court's ruling "presents [a] purely legal question[] of statutory construction [that] we review de novo." Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010) (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)). Further, "when a statute has been amended, there is a presumption that the General Assembly intended to effect a substantive change in the law." Britt Constr., Inc. v. Magazzine Clean, LLC, 271 Va. 58, 63, 623 S.E.2d 886, 888 (2006). We "assume that the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

The plain language of Code § 8.01-428(C) clearly limits its application to final orders originating from the circuit court. The subsection clearly states that "counsel, or a party not represented by counsel, who is not in default *in circuit court*" may request "*the circuit court . . .* [to] modify, vacate, or suspend the [final] order or grant the party leave to appeal." Code § 8.01-428(C) (emphases added). Had the General Assembly intended Code § 8.01-428(C) to apply to final orders originating from the J&DR court or general district court, the inclusion of the phrase "in the circuit court" would be superfluous. The remaining subsections of Code § 8.01-428 do not single out the circuit court in a similar manner, and instead refer to the power of the courts generally. See Moreno v. Moreno, 24 Va. App. 190, 197, 480 S.E.2d 792, 796 (1997) ("'When the General Assembly uses different terms in the same act, it is presumed to

- 4 -

mean different things.'" (quoting Campbell v. Commonwealth, 13 Va. App. 33, 38, 409 S.E.2d 21, 24 (1991))).

Further, the lack of notice must "den[y] that party an opportunity to pursue post-trial relief *in the circuit court* or to file an appeal *therefrom*." Code § 8.01-428(C)(ii) (emphases added). "'Referential and qualifying words and phrases, where no contrary intention appears, . . . usually . . . apply to the provision or clause immediately preceding it.'" Alger v. Commonwealth, 267 Va. 255, 259-60, 590 S.E.2d 563, 565-66 (2004) (quoting 2A Norman J. Singer, Sutherland on Statutory Construction § 47.33 (6th rev. ed. 2000)). Here, the antecedent of "therefrom" is an appeal from a final order in the circuit court that is otherwise barred due to a party's lack of notice. Read plainly, the injury from which Code § 8.01-428(C) provides relief must originate in the circuit court; otherwise, the inclusion of the words "in the circuit court" and "therefrom" would be meaningless. Had the General Assembly intended Code § 8.01-428(C) to grant relief from the lack of notice originating from final orders from the J&DR court, it would have indicated as such.

The plain language of Code § 8.01-428(C) clearly demonstrates that the subsection allows for the modification of a final order due to a party's lack of notice only where such an order originates from the circuit court. To hold otherwise would render meaningless all references within the subsection to the circuit court. Accordingly, we affirm the ruling of the circuit court denying father's motion for lack of jurisdiction.

Affirmed.