COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:  Judges Frank, Humphreys and Kelsey
Argued at Richmond, Virginia


KYLE CORNELIA LEFTWICH, A/K/A
  KYLE L. BANNING

                                                          OPINION BY
v.        Record No. 2349-11-2                   JUDGE ROBERT P. FRANK
                                                          FEBRUARY 5, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

Craig S. Cooley (Law Office of Craig S. Cooley, on brief), for
appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Kyle Cornelia Leftwich, a/k/a Kyle L. Banning, appellant, was convicted, in a bench trial,

of eight counts of embezzlement, in violation of Code § 18.2-111. On appeal, she contends the

evidence was insufficient to prove her guilt. Specifically, she argues the checks she deposited

into her personal account were not "entrusted" to her by the Social Security Administration for

the benefit of her employer. Finding no error, we affirm the judgment of the trial court.

BACKGROUND

The facts are not controverted. Appellant was an attorney employed by the law firm of

Marks & Harrison (M&H) from 1994 to 2010. Her practice focused on social security disability

law. In 1997, 2001, and 2009, appellant signed employment agreements with M&H. The

agreements stated that all legal fees or similar forms of compensation earned by appellant in the

capacity of her employment were the exclusive property of M&H and that appellant would

"render full-time professional legal services on behalf of employer . . . ." Appellant relied on the firm's resources for marketing, claim investigation, and recordkeeping.

In the course of her employment with M&H, appellant represented clients before the Social Security Administration. To compensate appellant for the representation of claimants before the Social Security Administration, the United States Department of the Treasury mailed checks payable to her (and not the firm) at the firm's business address.

In June of 2010, the law firm became aware of a discrepancy in its accounting records. The records indicated that checks received by appellant as compensation for her representation of social security disability claims had not been deposited into the firm's account. The firm further discovered that approximately 103 checks, valued at more than $430,000, were missing. When confronted with the discrepancy, appellant agreed that someone had tampered with the books and forged her signatures on receipts, but she denied having any involvement. She accused several paralegals of the misappropriation.

Ultimately, appellant confessed. At the time of her confession, appellant claimed that she had taken approximately $50,000. A subsequent investigation by the firm revealed the amount to be nearly half a million dollars.

In August of 2010, appellant and the law firm entered into a settlement agreement, admitted at trial, in which appellant agreed to pay the firm $450,000. The agreement further provided that the stolen checks were the property of the law firm and, accordingly, appellant was required to remit the fees to the firm. The agreement stated:

> Leftwich has acknowledged that, during the course of her
> employment with M&H, Leftwich diverted legal fees paid by
> United States Treasury checks in connection with Social Security
> Disability cases handled by Leftwich for clients of M&H. Under
> the terms of the Employment Agreement between Leftwich and
> M&H, such legal fees were the property of M&H, and Leftwich
> was required to remit such United States Treasury checks to M&H.

Instead, Leftwich diverted some of these checks and deposited them to her own personal account.

This appeal follows.

ANALYSIS

Appellant does not contest the fact that she diverted funds belonging to the law firm to her personal account. However, she argues that the checks from the U. S. Treasury were not entrusted to her by the Social Security Administration for the benefit of her employer. While appellant breached the employment agreement between her and the firm, she argues, none of the checks was "entrusted" to her by the Social Security Administration. They were direct payments to her for her professional services. Appellant further maintains that the checks were not payable to the firm, nor did the Social Security Administration intend for any of the checks to benefit the firm.

The thrust of appellant's argument is that the Social Security Administration never delivered the checks for the benefit of the employer.[1] This argument may be appropriate in an entrustment analysis, which would examine the portion of the statute stating "which shall have been entrusted or delivered to him by another." However, the first prong of the statute, "which he shall have received for another," addresses the recipient's use or disposition of the money or property. That prong of the statute focuses on the receipt of the money, rather than the delivery.

When considering a challenge to the sufficiency of the evidence presented at trial, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). Even if our opinion were to differ, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App.

---

[1] The trial court found that appellant "converted these funds that she received that were, in fact, the property of Marks & Harrison to her own use."

- 3 -

375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

However, in this case, the sufficiency of the evidence is controlled by an interpretation of Code § 18.2-111.

Code § 18.2-111 provides, in relevant part:

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, . . . check, . . . or any other personal property, tangible or intangible, which he shall have received for another or for his employer . . . or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement.

"'Statutory construction is a question of law which we review *de novo* on appeal.'" Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 480, 666 S.E.2d 361, 368 (2008) (quoting Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007)). In accordance with well-established principles, we will "'apply the plain language of a statute unless the terms are ambiguous.'" Id. (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)). The primary object of interpreting a statute "'is to ascertain and give effect to legislative intent.'" Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 879, 882 (2011) (quoting Conger v. Barrett, 280 Va. 627, 630, 701 S.E.2d 117, 118 (2010)); see also B.P. v. Commonwealth, 38 Va. App. 735, 739, 568 S.E.2d 412, 413 (2002) ("We will not place a construction upon a statute which leads to an absurd result or one plainly contrary to the expressed intent of the General Assembly . . . .").

- 4 -

Furthermore, "'[w]e . . . presume that the legislature chose, with care, the words it used when it enacted the relevant statute.'" Seabolt v. Cnty. of Albemarle, 283 Va. 717, 720, 724 S.E.2d 715, 717 (2012) (alteration in original) (quoting Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011)).

A plain reading of Code § 18.2-111 provides three separate and distinct scenarios in which a person may be convicted of embezzlement: when a person misappropriates property 1) "received for another or for [her] employer," or 2) "by virtue of [her] office, trust, or employment," or 3) "which shall have been entrusted or delivered to [her] by another."[2] Proof of either one satisfies the statutory requirement. Thus, the Commonwealth need only prove that appellant wrongfully and fraudulently used or disposed of the firm's property which she had received for the firm. Alternatively the Commonwealth may prove appellant wrongfully and fraudulently used or disposed of the firm's property which she received by virtue of her employment or which was entrusted or delivered to her by another.

Appellant contends that her conviction is erroneous because the Social Security Administration did not entrust the checks to her for the benefit of the firm. However, her argument fails, because it ignores the first part of the embezzlement statute. The uncontroverted evidence is that appellant wrongfully and fraudulently used or disposed of the firm's property (checks) which she received for the firm. That evidence, in itself, is sufficient for a conviction. Thus, we need not address the remaining parts of the statute. See Evans & Smith v. Commonwealth, 226 Va. 292, 296, 308 S.E.2d 126, 128 (1983) (where defendants were convicted under the first section of Code § 18.2-111). See also Challenor v. Commonwealth, 209 Va. 789, 790, 167 S.E.2d 116, 117 (1969) (where a cashier was convicted of embezzlement

---

[2] The statute is written in the disjunctive, using the word "or." See Bunch v. Commonwealth, 225 Va. 423, 442, 304 S.E.2d 271, 282 (1983) ("[t]he use of the disjunctive word 'or,' rather than the conjunctive 'and,' signifies the availability of alternative choices").

when he diverted over-the-counter payments for his employer's use and benefit to his personal use).

It is immaterial whether or not the Social Security Administration entrusted the checks to appellant for the benefit of the firm. To be convicted of embezzlement, appellant needed only to receive the checks and use or dispose of the checks which, under the terms of the employment agreement, were the firm's property. This is because, as we have previously stated, embezzlement is established simply by "the wrongful and fraudulent taking of any money . . . which [the accused] shall have received for another or for [her] employer . . . ." Code § 18.2-111.

In Gwaltney v. Commonwealth, 19 Va. App. 468, 475, 452 S.E.2d 687, 691 (1995), this Court affirmed a conviction based on the first part of the statute. The appellant in that case was a bank teller who took money from another teller's bank drawer. It was clear from the evidence that Gwaltney received that money by virtue of her employment. It was not necessary or relevant to determine the intention of the other bank teller. In affirming Gwaltney's conviction, this Court held that appellant's theft of the money, made possible by her position of trust, met the statutory definition of embezzlement. Id. at 475, 452 S.E.2d at 691-92.

Appellant correctly states the general proposition that to establish the statutory crime of embezzlement under Code § 18.2-111, it is necessary to prove that the accused wrongfully appropriated to her use or benefit, with the intent to deprive the owner thereof, the property entrusted to her by virtue of her employment or office. See Lee v. Commonwealth, 200 Va. 233, 235-36, 105 S.E.2d 152, 154 (1958). However, as stated above, "entrustment" need not be proved under the first part of the statute.

Accordingly, the evidence established the wrongful taking of the checks received by appellant for her employer, according to the terms of her employment with M&H, in violation of Code § 18.2-111.

## CONCLUSION

For the foregoing reasons, we find no error in the trial court's determination of guilt. The evidence was sufficient to convict appellant of embezzlement. As such, we affirm.

<u>Affirmed.</u>