# CIRCUIT COURT OF FAIRFAX COUNTY

Dulles Toll Road

v.

Arnu Diggs

June 29, 2015

Case Nos. MI-2014-2511 through MI-2014-2517

BY JUDGE RANDY I. BELLOWS

This case presents the following question. In a toll road violation case, does the one-year statute of limitations pursuant to Va. Code § 19.2-8 or the two-year statute of limitations pursuant to Va. Code § 8.01-248 section apply? For the reasons stated below, the Court finds that the one-year statute of limitations pursuant to Va. Code § 19.2-8 applies. Since each summons in this case was filed in the excess of one year from the violation date, these matters must be dismissed with prejudice. Each summons' Certificate of Affidavit was signed on July 29, 2014, and each summons was served on Defendant on August 7, 2014, at 8:27 a.m. Even if the Court uses the earlier date, it is still in excess of one year from the date of the alleged violation.

## Factual Background

Defendant was charged with seven separate violations of Va. Code § 46.2-819.1. The violations allegedly occurred on March 24, 2013, at 10:04 p.m.; April 1, 2013, at 9:48 p.m.; April 2, 2013, at 9:56 p.m.; April 3, 2013, at 9:31 p.m.; April 15, 2013, at 10:32 p.m. and 11:47 p.m.; and April 16, 2013, at 10:43 p.m. Faneuil, Inc., a contractor for the Virginia Department of Transportation, issued summonses under the name of "Dulles Toll Road" to Defendant on August 7, 2014. On October 27, 2014, Defendant was found guilty in the General District Court and appealed these matters to the Circuit Court.

## Procedural History

On May 4, 2015, Defendant filed his Motion To Dismiss. In support of his position, Defendant argued the following: (1) the signatures on the summonses were electronically affixed by a contractor and are a nullity; (2)

the applicable statute of limitations is governed by Va. Code § 19.2-8, and the summonses, which were executed more than one year after the alleged violations, should be dismissed; (3) the enforcement scheme in Va. Code § 46.2-819.1 violates the Excessive Fines clause of the Virginia Constitution and the Eighth Amendment to the United States Constitution; and (4) the enforcement scheme in Va. § 46.2-819.1 violates the Equal Protection clause and the Fourteenth Amendment to the United States Constitution. A fifth issue was raised in the Defendant's reply brief, specifically that the "Dulles Toll Road" was not, at the time of the summonses, a legal entity. In light of the Court's finding that the one-year statute of limitations applies to the instant case and that these cases must, therefore, be dismissed with prejudice, the Court need not, and, therefore, will not, reach any of the other issues raised by the defendant.

*Analysis*

Va. Code § 46.2-819.1 permits toll road facilities or localities where the facilities are located to install, operate, and use photo-monitoring vehicle identification systems to identify and collect unpaid tolls. Subsection (A) directs the toll facility to first send an invoice or bill to the registered owner of the vehicle for unpaid tolls. Subsection (B) permits the toll facility to impose and collect an administrative fee in addition to the unpaid toll to recover the expenses of collection. Subsection (C) sets out the civil penalties the registered owner or operator of the vehicle will be liable for should the matter proceed to Court. And, finally, subsection (D) sets out the procedure should the matter proceed to Court. That section states:

> Any action under this section shall be brought in the General District Court of the city or county in which the toll facility is located. Such action shall be considered a traffic infraction but shall be tried as a civil case. The attorney for the Commonwealth may represent the interests of the toll facility operator. Any authorized agent or employee of a toll facility operator acting on behalf of a governmental entity shall be allowed the privileges accorded by § 16.1-88.03 in such cases.

Va. Code § 46.2-819.1(D). Upon a finding by the Court that a driver is in violation of this section, the Court is required to "impose a civil penalty upon the registered owner or operator of such vehicle" in increasing amounts for increasing numbers of violations. Va. Code § 46.2-819.1(F).

Plaintiff argues that Va. Code § 46.2-819.1 is civil on its face and in its application, and, therefore, it is governed by the two-year statute of limitations set out in Va. Code § 8.01-248. Plaintiff points to the language in subsection (I) — that the action "shall be tried as a civil case" — as

evidence that the General Assembly intended for a two-year statute of limitations to apply.

In response, Defendant cites *Commonwealth v. Cooley*,[1] and argues that a one-year statute of limitations applies pursuant to Va. Code § 19.2-8. *Commonwealth v. Cooley* involved alleged violations of the HOT lanes statute, not the Toll Road statute. Nevertheless, *Cooley* and the instant case are quite similar in their core facts, and the Court finds Judge Dennis J. Smith's reasoning (applying the one-year statute of limitations) to apply with equal force to the instant cases. The defendant moves to dismiss these cases on the basis that the summonses were executed more than one-year after the occurrence of the alleged violations.

For the following reasons, the Court finds the one-year statute of limitations to apply.

First, the statute appears in the portion of the Virginia Code reserved for traffic offenses; it is preceded by Va. Code § 46.2-817 (eluding) and followed by the misdemeanor offense of smoking in proximity to gas pumps (Va. Code § 46.2-819.4).

Second, Va. Code § 46.2-819.1(C) provides for an escalating "civil penalty" for subsequent violations, varying from a first offense penalty of $50.00 to a fourth and subsequent penalty of $500.00. The escalating penalties have the character of a penalty intended both to punish and to deter. In particular, the statutory scheme of escalating sanctions is clearly intended to make the consequences of repeated toll violations so costly to a vehicle owner as to deter further violations of the law. While this is not dispositive by itself, it is some indication that the statutory scheme has more in common with criminal statutes than the type of "personal action[s]" for damages contemplated in the two-year statute of limitations under Va. Code Section § 8.01-248.

Third, while the statute does say it is to be tried "as a civil case," it also says in the same section that "[s]uch action shall be considered a traffic infraction... ." A "traffic infraction" has far more in common with a misdemeanor than it does with a tort lawsuit or a breach of contract action. Like a misdemeanor prosecution, a traffic infraction is brought by governmental authorities, it is subject to the "beyond a reasonable doubt" proof standard, the defendant is presumed to be innocent and is entitled to trial by jury, and penalties attach upon conviction. See Va. Code § 19.2-258.1 ("For any traffic infraction cases tried in a district court, the court shall hear and determine the case without the intervention of a jury. For any traffic infraction case appealed to a circuit court, the defendant shall have the right to trial by jury. The defendant shall be presumed innocent until proven guilty beyond a reasonable doubt."). Indeed, the Virginia Code itself makes the point. See Va. Code § 46.2-937: "For purposes of arrest, traffic infractions shall be treated as misdemeanors." The Court recognizes,

---

[1] This case is printed above at page 154. [Reporter's Note]

of course, that a traffic infraction is not technically a "misdemeanor"; nevertheless, it is "a violation of law" and it is "punishable" by a "fine of no more than that provided for a Class 4 misdemeanor." Va. Code §§ 46.2-100, 46.2-113.

So, what then is the significance that ought to attach to a provision that says a toll road violation is to be "tried as a civil case"? See Va. Code § 46.2-819.1(D). The Court finds that this is a reference to the mode of procedure in Court, not to the substantive issue of the applicable statute of limitations.

Fourth, the statute states that "[t]he attorney for the Commonwealth may represent the interests of the toll facility operator." Va. Code § 46.2-819.1(D). This is further evidence that a toll road violation is not the same as a "personal action" under the two-year civil proceeding statute of limitations. See Va. Code § 8.01-248.

Fifth, the "penalties" assessed as a result of an action initiated by the toll road operator are initially paid to the clerk of the court which adjudicated the action and then to the treasurer or director of finance of the county or city in which the violation occurred for payment to the toll facility operator. The fact that a government entity collects the penalty is further indication that the criminal statute of limitations should apply.

Sixth, pursuant to statute, an individual who has two or more unpaid tolls and fails to pay the required penalties, fees, and unpaid tolls faces DMV refusal to renew his vehicle registration or license plate until he has paid the required sums of money. See Va. Code § 46.2-819.1(G). This assertion of governmental authority to coerce compliance is yet another indication that the criminal statute of limitations should apply.

Seventh, the statute provides that toll facility personnel or their agents who mail the toll road violation summons shall be considered "conservators of the peace" for the purpose of the mailing. See Va. Code § 46.2-819.1(K). Although this opinion generally quotes from Va. Code § 46.2-819.1, similar provisions appear in Va. Code § 46.2-819.3.

Eighth, the summonses issued in this case provide further support for the Court's judgment. The title of the document is "Summons for Toll Road Violation." See Form DC-285. The alleged offender is referred to as the "Defendant." *Id.* The defendant is "commanded" to appear before the Court "to answer this charge and claim." *Id.* The conduct at issue is referred to as consisting of "unlawfully us[ing] a toll facility without payment in violation of Virginia Code § 46.2-819.1 (use of toll facility without payment, as identified by photo-monitoring or automatic vehicle identification system)." *Id.* The applicable costs include a "fixed traffic infraction fee." *Id.*

Finally, the Notice of Appeal used to bring this motion before the Circuit Court and obtain a *de novo* trial is called "Notice of Appeal — Criminal," and refers to the action taken in the General District Court as a "conviction." See Form DC-370.

### Conclusion

Va. Code § 19.2-8 states in part that "[a] prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty, or amercement, shall be commenced within one year next after there was cause therefor... ." The Court finds that the instant cases constitute a "prosecution" involving a "pecuniary fine" or "penalty." *See id.*

The Court would also note that, separate and apart from the foregoing textual analysis, there are three independent reasons to conclude that the one-year statute of limitations applies.

First, why would a toll road operator need more than 365 days to simply charge someone with not paying a toll? A toll road violation prosecution consists of three principal acts: first; an individual does not pay a toll when he should have paid a toll; second, the toll road operator must retrieve from the photo-monitoring supplier or automatic vehicle identification supplier the proof of the violation; and third, the vehicle's owner must be identified and summoned. None of those acts, individually or collectively, suggest that a period greater than a year is necessary or required to accomplish the statute's objective. In contrast, civil actions arise out of myriad and extraordinarily varied circumstances. More significantly, damages may not be evident, or completely evident, within a year. There are compelling reasons to grant a plaintiff a two-year period in which to bring his case.

Second, because there are dramatically escalating penalties for subsequent violations, it is especially important that a vehicle owner be summoned to account for his alleged misconduct sooner rather than later.

Third, while statutes of limitations do provide the moving party a period of time to determine whether and how to proceed with an action and to accumulate the evidence in support of that action, the primary purpose of statutes of limitations is to "protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time" and to encourage "law enforcement officials promptly to investigate suspected criminal activity." *Toussie v. United States*, 397 U.S. 112, 114-15, 90 S. Ct. 858, 25 L. Ed. 2d 156 (1970); see also *Addison v. Jurgelsky*, 281 Va. 205, 211, 704 S.E.2d 402 (2011) ("[S]tatutes of limitation ... are intended to protect non-parties from becoming subject to judicial claims when the passage of time may have increased the difficulty of defending such claims."). These concerns have particular resonance in toll road violation cases where the principal statutory defense is to establish that someone other than the vehicle owner was driving the vehicle at the time of the violation. Remembering such a fact, and remembering it with sufficient clarity and certainty to execute a sworn affidavit, would be difficult enough at a year's remove; affording the toll road operator two years in which to issue a summons would render such a fact-specific defense either impossible or nearly so.

For the reasons stated above, the Court finds that the one-year statute of limitations as set forth in Va. Code § 19.2-8 applies to toll road violations brought under Va. Code § 46.2-819.1. Therefore, the defendant's Motion To Dismiss is hereby granted, and these cases are dismissed with prejudice.