JULIUS TYRONE ROBERTSON

v.

WILLIAM P. ROGERS, ACTING WARDEN,
VIRGINIA STATE PENITENTIARY

No. 0291-85

Decided July 15, 1986

504

COUNSEL

Laurie L. Riddles (Theodore J. Brenner; James S. Yoffy; Brenner, Baber & Janus, on brief), for appellant.

Russell C. Williams, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—This appeal arises from the denial of a petition for a writ of habeas corpus by the Circuit Court of the City of Danville.[1] Appellant contends that he was denied effective assistance of counsel at trial because (1) counsel failed to object when the trial judge did not recuse himself on the ground that he had previously issued the search warrants then being challenged at trial, and (2) counsel failed to object to the Commonwealth's alleged noncompliance with the filing requirements of Code § 19.2-54.

We affirm the habeas court's denial of appellant's petition.

---

[1] Subsequent to the September 19, 1985, oral arguments in this case, the Supreme Court of Virginia issued an order in *Rudiger v. Hanckel-Smith*, 230 Va. 255, 335 S.E.2d 257 (1985), dismissing the petition for appeal in that case due to appellant's failure to timely file an appeal bond under then existing Code § 8.01-676.1(B). As a result, by order dated November 27, 1985, we dismissed Robertson's appeal in the instant case for failure to comply with the bond statute. Robertson noted an appeal to the Supreme Court. That Court, by order dated May 22, 1986, remanded the case to the Court of Appeals "for reconsideration in light of the 1986 amendment to Code § 8.01-676.1." We have, by order, reinstated Robertson's appeal, and consider the merits of that appeal herein.

On July 15, 1982, the Honorable James F. Ingram, Judge of the Circuit Court of the City of Danville, authorized a search of appellant's residence and person for evidence of illegal numbers or lottery activity. Appellant's residence was in neighboring Pittsylvania County, but was located within the one mile statutory jurisdictional limits of the City of Danville provided for in Code § 19.2-250.[2] Pursuant to the warrant, members of the Virginia State Police and the Danville Police Department entered and searched the premises. Drugs and drug paraphernalia were discovered and seized. Thereafter, police obtained a search warrant for drugs on appellant's premises.

The search warrant affidavits were filed in the Clerk's office of the Circuit Court of the City of Danville. The affidavits were not filed in the Clerk's office of the Circuit Court of Pittsylvania County. At trial, before Judge Ingram, defense counsel challenged the validity of the search warrants and supporting affidavits, and objected to the admission of evidence on Fourth Amendment grounds. All such defense motions were overruled.

Appellant was convicted of possession of heroin and cocaine with intent to distribute, and possession of marijuana. He was sentenced to thirty years and fined $5,000 on the former offense, and sentenced to thirty days and fined $100 on the latter offense. Appellant filed a petition for appeal with the Virginia Supreme Court. The petition was denied. Subsequently, the petition for a writ of habeas corpus was filed in the Circuit Court of the City of Danville.

Concerning the first issue raised in the habeas proceeding, appellant argues that he was denied effective assistance of counsel because trial counsel failed to object when the same judge who issued the search warrants was sitting at trial to determine their legal sufficiency and validity. In oral argument before us, counsel conceded that this ground for appeal was without merit. We agree.

The ineffective assistance of counsel standard set forth in *Strickland* v. *Washington*, 466 U.S. 668 (1984), contains two

---

[2] Code § 19.2-250 provides in pertinent part: "Notwithstanding any other provisions of this article, the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the State 1 mile beyond the corporate limits of such town or city."

components. Appellant must first show that trial counsel's performance was deficient to the extent that serious errors infringing on appellant's constitutional rights were made. Second, there must be a showing that appellant was prejudiced as a result. *Id.* at 687.

Appellant does not now contend that the affidavits and search warrants were in any respect improper or invalid. Therefore, the questions whether Judge Ingram should have recused himself, and whether counsel was ineffective in failing to object to the nonrecusal, are of no legal consequence. No prejudice to appellant was present. As a result, we need not reach the deficiency of performance component of Strickland.

Concerning the second issue raised in the habeas proceeding, appellant contends that trial counsel's failure to object to the Commonwealth's alleged noncompliance with the filing requirements of Code § 19.2-54 amounted to a denial of effective assistance of counsel. Finding that the filing requirements were complied with, we hold that counsel was not ineffective on these grounds.

Code § 19.2-54 requires filing of affidavits with the Circuit Court of the city or county in which the search occurs. Consequently appellant contends that the filing in this case should have been made in Pittsylvania County. Although Code § 19.2-250 extends the jurisdiction of the City of Danville to include appellant's residence, appellant argues that this section has no bearing upon § 19.2-54 filing requirements.

*Garza v. Commonwealth*, 228 Va. 559, 323 S.E.2d 127 (1984), is controlling here. *Garza* turned on the interrelation of Code §§ 19.2-54 and 17-126.2. Code § 17-126.2 reads in pertinent part as follows:

> The circuit and district courts of Roanoke County shall have, concurrently with the courts of record and courts not of record, respectively, of the city of Salem, jurisdiction over criminal offenses committed in or upon the premises, buildings, rooms or offices located in the City of Salem which are owned or occupied by Roanoke County or any officer, agency or department of the county.

Garza was arrested in Roanoke County, taken to the Roanoke County-City of Salem jail, which is located in Salem. Police obtained a search warrant for Garza's car, parked at the jail. The warrant, the underlying affidavit, and the search inventory were filed in the office of the Clerk of the Circuit Court of the County of Roanoke. Garza argued that § 19.2-54 required that the affidavit be filed in the City of Salem. The court rejected this argument, holding that Code §§ 19.2-54 and 17-126.2 must be read together and that the Circuit Court of Roanoke County was "the circuit court of the county . . . wherein the search was made" for the purpose of meeting the filing requirement of Code § 19.2-54. *Id.* at 566, 323 S.E.2d at 131.

■ Following the reasoning of *Garza*, we find that § 19.2-54 and § 19.2-250 must also be read together and harmonized. The purpose of § 19.2-54 "is to give the defendant reasonable opportunity to determine that the affidavit on file is the same one upon which the determination of probable cause was based." *Garza*, 228 Va. at 566, 323 S.E.2d at 131. Under the facts of the present case, this purpose was best achieved by filing the affidavit in the clerk's office of the Circuit Court of the City of Danville, that being the court in which the charge was pending. To place a strict construction on § 19.2-54, as appellant would have us do, would tend to frustrate this notice-based purpose. Accordingly, the filing was appropriate in the City of Danville, not Pittsylvania County, since the Circuit Court of the City of Danville pursuant to Code § 19.2-250 had jurisdiction over the crime and the area where the search was made.

For all the foregoing reasons, the judgment appealed from will be affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.