COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, AtLee and Senior Judge Clements
Argued at Lexington, Virginia

JAMES WILLIS CAMPBELL, SR.

OPINION BY
v.      Record No. 1404-15-3      JUDGE JEAN HARRISON CLEMENTS
OCTOBER 25, 2016

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge Designate

Robert C. Goad, III (Shrader Law Office, on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


An Amherst County grand jury indicted James Willis Campbell, Sr. (appellant) for

manufacturing or possessing methamphetamine with the intent to distribute it. See Code

§ 18.2-248. Appellant moved to suppress the evidence seized when the police entered his

property and searched it on August 6, 2014 pursuant to a search warrant. The trial court found

that the affidavit upon which the warrant was based was not filed as required by Code § 19.2-54,

Virginia's statute prohibiting general warrants and detailing the procedures for filing warrants

and affidavits. Nonetheless, the trial court found that probable cause and exigent circumstances

existed to justify a search without a warrant, and denied the motion to suppress the evidence. On

appeal, appellant argues the trial court erred in denying the motion to suppress. For the reasons

that follow, we reverse the trial court's ruling and remand the matter to the trial court.

BACKGROUND

"When reviewing a trial court's denial of a defendant's motion to suppress, we review the

evidence in the light most favorable to the Commonwealth, according it the benefit of all

reasonable inferences fairly deducible from the evidence." Anderson v. Commonwealth, 279 Va. 85, 90, 688 S.E.2d 605, 607 (2010).

At about 10:30 p.m. on August 6, 2014, a magistrate issued a search warrant for premises owned by appellant and located in Amherst County. The warrant authorized a search for items related to the manufacture of methamphetamine. Investigator James Begley appeared before the magistrate and executed the affidavit in support of the search warrant. The affidavit included information Begley had received from an informant regarding the existence of a methamphetamine lab on appellant's property. The informant had advised Begley that a "meth cook" was planned for later that evening.

Begley left the magistrate's office with two signed copies of the warrant and the underlying affidavit. He gave one copy to the Virginia State Police. Begley and officers with the Virginia State Police tactical team executed the warrant at 11:52 p.m. on August 6, 2014. The officers seized evidence related to the manufacture of methamphetamine. They arrested appellant and others.

The magistrate retained one copy of the search warrant and affidavit, which contained handwritten additions to indicate appellant's property was located in Madison Heights, a community within Amherst County. Documents relating to the warrant subsequently were faxed from the magistrate's office to the clerk of the circuit court for Amherst County, and were filed there on August 7, 2014. However, only the first page of the affidavit and the search warrant were received and filed. The second page of the affidavit, containing the facts constituting probable cause, was not received or filed.

Appellant was indicted for the offense on February 10, 2015. Appellant filed a motion to suppress the evidence on March 26, 2015 and an amended motion to suppress on April 2, 2015. He alleged that the evidence seized pursuant to the warrant should be suppressed because the

complete affidavit supporting the warrant had not been filed as required by Code § 19.2-54. Although initially finding the violation of the filing requirement was a procedural matter, the trial court ultimately concluded that the failure to file the complete affidavit required suppression of the evidence.

The Commonwealth moved for reconsideration of the trial court's decision. It also argued that, notwithstanding any violation of the statutory filing requirement, the good faith exception to the Fourth Amendment exclusionary rule applied. The Commonwealth also contended probable cause and exigent circumstances existed to justify a warrantless search of appellant's property.

At an evidentiary hearing on the motion to reconsider, the Commonwealth was unable to produce the original copy of the second page of the search warrant affidavit. Placed before the trial court, and made a part of the record, was the copy of the affidavit Begley had retained. Begley's copy of the affidavit differed from the document faxed to the circuit court clerk in that Begley's copy did not contain the handwritten notations that appellant's property was in Madison Heights. The trial court declined to disturb its prior ruling suppressing the evidence due to the violation of Code § 19.2-54. The trial court took under advisement the Commonwealth's contention that probable cause and exigent circumstances existed to justify a warrantless search of the property.

The trial court then proceeded to hear evidence of the substantive offense, including evidence obtained from the search on August 6, 2014. At the conclusion of the Commonwealth's evidence, the trial court found that probable cause and exigent circumstances justified a warrantless search of appellant's property and that the prosecution's evidence was admissible. Appellant presented no evidence, and the trial court found him guilty of the charged offense.

DISCUSSION

Code § 19.2-54 provides, in pertinent part:

> No search warrant shall be issued until there is filed with the officer authorized to issue the same an affidavit of some person reasonably describing the place, thing, or person to be searched, the things or persons to be searched for thereunder, *alleging briefly material facts, constituting the probable cause for the issuance of such warrant* and alleging substantially the offense in relation to which such search is to be made and that the object, thing, or person searched for constitutes evidence of the commission of such offense. The affidavit may be filed by electronically transmitted (i) facsimile process or (ii) electronic record as defined in § 59.1-480. *Such affidavit* shall be certified by the officer who issues such warrant and delivered in person; mailed by certified mail, return receipt requested; or delivered by electronically transmitted facsimile process or by use of filing and security procedures as defined in the Uniform Electronic Transactions Act (§ 59.1-479 et seq.) for transmitting signed documents, by such officer or his designee or agent, to the clerk of the circuit court of the county or city wherein the search is made, with a copy of the affidavit also being delivered to the clerk of the circuit court of the county or city where the warrant is issued, if in a different county or city, within seven days after the issuance of such warrant and shall by such clerks be preserved as a record and shall at all times be subject to inspection by the public after the warrant that is the subject of the affidavit has been executed or 15 days after issuance of the warrant, whichever is earlier . . . . Each such clerk shall maintain an index of all such affidavits filed in his office in order to facilitate inspection. No such warrant shall be issued on an affidavit omitting such essentials, and no general warrant for the search of a house, place, compartment, vehicle or baggage shall be issued. *The term "affidavit" as used in this section, means statements made under oath or affirmation and preserved verbatim.*

> *Failure of the officer issuing such warrant to file the required affidavit shall not invalidate any search made under the warrant unless such failure shall continue for a period of 30 days.* If the affidavit is filed prior to the expiration of the 30-day period, nevertheless, evidence obtained in any such search shall not be admissible until a reasonable time after the filing of the required affidavit.

(Emphasis added).

The statutory framework set forth in Code § 19.2-54 requires that the search warrant affidavit be filed in the circuit court clerk's office within a relatively brief period of time after the search warrant is issued or executed. "Affidavit" means the statements made under oath by the affiant when he sought the search warrant. See id. See also Quintana v. Commonwealth, 224 Va. 127, 136, 295 S.E.2d 643, 646 (1982) (under Code § 19.2-54, "'the required affidavit' means the affidavit required to support issuance of a search warrant").

In this case, only one page of the affidavit for the search warrant was filed with the clerk of the Circuit Court of Amherst County. The single page that was filed did not contain Begley's sworn statements of material facts constituting probable cause. It is clear, and the parties do not dispute, that the affidavit filing requirement of Code § 19.2-54 was not satisfied in this instance. Thus, we must determine whether, and under what circumstances, a violation of the filing requirement of Code § 19.2-54 mandates suppression of evidence seized pursuant to a warrant.

At the outset, it is important to distinguish the potential remedy of exclusion of evidence pursuant to Code § 19.2-54 from the exclusionary rule recognized to redress violations of the Fourth Amendment of the United States Constitution. The Fourth Amendment protects against unreasonable searches and seizures by the police, but "is silent about how this right is to be enforced. To supplement the bare text, [the United States Supreme Court] created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." Davis v. United States, 564 U.S. 229, 231-32 (2011). This exclusionary rule applies only to constitutional violations, not to alleged violations of state laws governing police encounters with members of the public. See Virginia v. Moore, 553 U.S. 164, 178 (2008).

"Absent an infirmity of constitutional dimensions, the 'mere violation of state statutory law does not require that the offending evidence be suppressed, unless the statute expressly

- 5 -

provides for an evidentiary exclusion remedy.'" Cutright v. Commonwealth, 43 Va. App. 593, 600, 601 S.E.2d 1, 4 (2004) (quoting Seaton v. Commonwealth, 42 Va. App. 739, 757 n.7, 595 S.E.2d 9, 17 n.7 (2004)). The Supreme Court of the United States has made clear that states may impose consequences for violation of a state statute, even where the search or seizure did not also violate the Fourth Amendment. See Moore, 553 U.S. at 173 (observing that "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same"). "A State is free to prefer one search-and-seizure policy among the range of constitutionally permissible options, but its choice of a more restrictive option does not render the less restrictive ones unreasonable, and hence unconstitutional." Id. at 174.

The Supreme Court of Virginia has observed that Code § 19.2-54 "deals with the admissibility of evidence seized in the search" pursuant to a warrant. [1] Lane v. Commonwealth, 223 Va. 713, 719, 292 S.E.2d 358, 362 (1982). However, no known Virginia case law has concluded that Code § 19.2-54 requires exclusion of evidence if the requirement for filing a search warrant affidavit was not met. Most of the decisions considering the application of Code § 19.2-54 have focused on the "notice-based" purpose of the statute and whether the defendant sustained any prejudice as a result of noncompliance.

In Quintana, the defendant moved to suppress evidence seized in a search because the magistrate failed to strictly comply with the procedural requirements of Code § 19.2-54. Specifically, the magistrate who issued the search warrant did not certify the supporting affidavit before he filed it with the clerk of the circuit court, nor did he do so within thirty days after issuance of the search warrant. Quintana, 224 Va. at 136, 295 S.E.2d at 646. The Court rejected

---

[1] Code § 19.2-54 is titled, "Affidavit preliminary to issuance of search warrant; general search warrant prohibited; *effect of failure to file affidavit.*" (Emphasis added). "A title may be read in an attempt to ascertain an act's purpose, though it is no part of the act itself." Newton v. Commonwealth, 29 Va. App. 433, 441-42, 512 S.E.2d 846, 850 (1999) (quoting Hawkins v. Commonwealth, 255 Va. 261, 269, 497 S.E.2d 839, 842 (1998)).

the argument that "the required affidavit" had not been filed within thirty days and that consequently the search was invalid. The Court found that the purpose of the certification requirement "in our statute is to insure that the affidavit filed with the clerk for the information of the accused is the same affidavit upon which the finding of probable cause was based." Id. at 136, 295 S.E.2d at 646-47. See also Garza v. Commonwealth, 228 Va. 559, 566, 323 S.E.2d 127, 131 (1984) (stating the purpose of Code § 19.2-54 "is to give the defendant reasonable opportunity to determine that the affidavit on file is the same one upon which the determination of probable cause was based").

In Lockhhart v. Commonwealth, 34 Va. App. 329, 335-36, 542 S.E.2d 1, 4 (2001), the defendant moved to suppress evidence seized pursuant to a search warrant because the magistrate himself did not file the supporting affidavit within thirty days of the issuance of the warrant. Rather than the magistrate, the police officer who obtained the warrant filed the warrant, inventory from the search, and the original supporting affidavit with the clerk of the circuit court. Not until ten months after the warrant was issued did the magistrate file the documents required by Code § 19.2-54. See Lockhart, 34 Va. App. at 336-37, 542 S.E.2d at 4. This Court found that "[t]he purpose of the filing requirement, like the certification requirement, 'is to give the defendant reasonable opportunity to determine that the affidavit on file is the same one upon which the determination of probable cause was based.'" Id. at 338, 542 S.E.2d at 5 (quoting Robertson v. Rogers, 2 Va. App. 503, 507, 346 S.E.2d 41, 44 (1986)). We concluded:

> [T]he supporting affidavit filed by [the officer] was the same one he subscribed before the magistrate. The affidavit was on file in the clerk's office available for inspection by [the defendant] the day after the search warrant was issued. We find, therefore, that, even though the affidavit was delivered to the clerk's office by the officer who executed the search warrant rather than by the magistrate who issued the warrant, the notice-based purpose of

Code § 19.2-54 was achieved and [the defendant] suffered no prejudice as a result of the affidavit not having been filed by the magistrate.

Id.

Unlike in Quintana and Lockhart, the incomplete affidavit that was filed in this case was not the same one upon which the determination of probable cause was based. Obviously, a second page, containing Begley's statements to support probable cause, was missing. In addition, the one page of the affidavit that was filed did not contain the handwritten notations regarding Madison Heights that appeared on the copy of the affidavit later produced by Begley at a suppression hearing. In the course of the proceedings in the trial court, the Commonwealth was unable to produce the original affidavit certified by the magistrate.

As earlier noted, the final paragraph of Code § 19.2-54 states:

> Failure of the officer issuing such warrant to file the required affidavit *shall not* invalidate any search made under the warrant *unless* such failure shall continue for a period of 30 days. If the affidavit is filed prior to the expiration of the 30-day period, nevertheless, evidence obtained in any such search shall not be admissible until a reasonable time after the filing of the required affidavit.

"The primary objective of statutory construction is to ascertain and give effect to legislative intent." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998). In pursuit of this objective, "[c]ourts are required to apply the plain language of a statute when possible and may not rewrite it." Parker v. Warren, 273 Va. 20, 23, 639 S.E.2d 179, 181 (2007).

The final paragraph of Code § 19.2-54 is no model of clarity regarding the consequences intended by the General Assembly upon a failure to comply with the statutory filing requirement. But, it provides implicitly that a search is invalid if the failure to file the required affidavit continues for thirty days. To interpret the statute otherwise would give no meaning to the word "unless." "[W]e . . . presume that the legislature chose, with care, the words it used when it

- 8 -

enacted the relevant statute." Seabolt v. Cnty. of Albemarle, 283 Va. 717, 720, 724 S.E.2d 715, 717 (2012) (quoting Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011)).

Accordingly, we find that, pursuant to the higher standard set in Code § 19.2-54 by the General Assembly, see Moore, 553 U.S. at 173, a search is invalid and evidence obtained in the search is inadmissible if the search warrant affidavit, including the sworn statements providing probable cause, is not filed with the clerk for a period of thirty days from the issuance or execution of the warrant. Having reached the conclusion that the evidence obtained pursuant to the search warrant should have been suppressed by operation of state statute, the question of whether the search and seizure of evidence also violated the Fourth Amendment is irrelevant.[2]

---

[2] Although finding the evidence should be suppressed due to the violation of Code § 19.2-54, the trial court found the presence of probable cause and exigent circumstances permitted a warrantless search of appellant's property without violation of the Fourth Amendment.

> Although the text of the Fourth Amendment does not specify when a search warrant must be obtained, this Court has inferred that a warrant must generally be secured. "It is a 'basic principle of Fourth Amendment law,'" we have often said, "'that searches and seizures inside a home without a warrant are presumptively unreasonable.'" Brigham City v. Stuart, 547 U.S. 398, 403 (2006) (quoting Groh v. Ramirez, 540 U.S. 551, 559 (2004)). But we have also recognized that this presumption may be overcome in some circumstances because "the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" Brigham City, supra, at 403. . . . Accordingly, the warrant requirement is subject to certain reasonable exceptions. Brigham City, supra, at 403.
>
> One well-recognized exception applies when "'the exigencies of the situation' make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." Mincey v. Arizona, 437 U.S. 385, 394 (1978) . . . .

Kentucky v. King, 563 U.S. 452, 459-60 (2011).

The trial court's application of the exigent circumstances exception to the warrant requirement was inapposite. Regardless of the facts and circumstances facing the police officers

As a matter of state law, the evidence was inadmissible. "The doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" Commonwealth v. Swann, 290 Va. 194, 196, 776 S.E.2d 265, 267 (2015) (quoting McGhee v. Commonwealth, 280 Va. 620, 626 n.4, 701 S.E.2d 58, 61 n.4 (2010)).

CONCLUSION

For the foregoing reasons, we reverse the trial court's decision to admit evidence obtained in the search executed pursuant to the warrant, and reverse appellant's conviction. We remand the matter to the trial court for retrial if the Commonwealth be so advised.

Reversed and remanded.

---

who arrived at appellant's property to search it, the police had in fact obtained a search warrant. There was no warrantless search or seizure in this instance.